**SIGMA SYSTEMS CORPORATION et al.,
Appellants,**

v.

**ELECTRONIC DATA SYSTEMS COR-
PORATION, Appellee.**

No. 572.

Court of Civil Appeals of Texas,
Tyler.

May 13, 1971.

Blanchette, Shelton & James, Tom James,
Dallas, for appellants.

Coke & Coke, J. Edwin Fleming, Ernest
E. Figari, Jr., Dallas, for appellee; Glen
Adams, Dallas, of counsel.

DUNAGAN, Chief Justice.

Appellee Electronic Data Systems Cor-
poration instituted suit against appellants
Sigma Systems Corporation, Applied Sci-
ence Incorporated, C. L. Habern, R. E.
Morgan, J. K. Graves, Carl Johnson and
B. McClure, seeking temporary and perma-
nent injunctions to be granted enjoining
the appellants from (1) disclosing trade
secrets relating to a device known as a
"portable remote terminal unit," and (2)
competing with appellee by constructing
and marketing such a unit. After a hear-
ing, the trial court granted the relief sought
by ordering a temporary injunction against
appellants. Hence this appeal.

Appellee alleges that it invented and
developed at great expense the portable
remote terminal unit, also called an alpha-

numeric data input terminal. The device is designed to allow communication directly with a computer from a remote point through the use of any telephone. The person desiring information from the computer places the handset of a telephone, located at any distance from the computer, in a cradle located on the terminal unit and makes his inquiry by means of touchtone keys located on the unit. The computer then answers with a recorded voice response audible to the operator of the unit. The unit is described as approximately the size of a cigar box.

Appellee, desiring to have ten prototypes of the unit constructed, entered into contracts with appellants for the production of the prototypes. Appellants signed certain agreements not to disclose trade secrets revealed to them to enable them to build the prototypes and not to appropriate those secrets for their own use and benefit. Some months after building the prototypes, appellants began marketing their own version of the remote terminal. Appellee claims that this activity of appellants is in violation of the contracts and seeks injunctive relief.

Appellants complain, among other things, that the trial court abused its discretion by not complying with Rule 683, T.R.C.P., in that the order of the trial court did not state the reasons why injury will be suffered if the interlocutory relief is not ordered.

The order granting the temporary injunction at hand reads as follows:

"On this the 22nd day of October, 1970, came on for hearing the application of Electronic Data Systems Corporation, Plaintiff, for a temporary injunction upon its petition after due notice to Sigma Systems Corporation, Applied Science Incorporated, and C. L. Habern, Defendants herein, and the Court having considered said petition, the evidence, and argument of counsel, and it appearing that Plaintiff is entitled to the temporary injunction as herein granted, same being within its allegation and prayer;

It is accordingly ORDERED, ADJUDGED and DECREED that the Clerk of this Court issue a writ of injunction, pending final hearing and determination of this cause, restraining and enjoining Sigma Systems Corporation, Applied Science Incorporated, and C. L. Habern, jointly and severally, from: (1) constructing and marketing, or participating in the construction and marketing, of a portable terminal unit comprising a means of allowing an unmodified system telephone, through the use of standard touchtone signals, to be used as an input/output terminal, and (2) disclosing and divulging confidential and secret information pertaining or in any way relating to such portable terminal unit; provided that Electronic Data Systems Corporation shall, prior to the issuance of such injunction, file with the Clerk a good and sufficient bond conformable to and conditioned according to law and approved by the Clerk in the sum of Twenty-Five Thousand Dollars ($25,000.00).

ENTERED this *10* day of November, 1970.

/s/ Paul G. Peurifoy
Judge

APPROVED AS TO FORM:

COKE & COKE

By /s/ Ernest E. Figari, Jr.

Attorneys for Electronic Data Systems Corporation

BLANCHETTE, SHELTON & JAMES

By /s/ Tom James
Tom James

Attorneys for Sigma Systems Corporation, Applied Science Incorporated and C. L. Habern."

Rule 683, T.R.C.P., states in part: "Every order granting an injunction * * * shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not

by reference to the complaint or other document, the act or acts sought to be restrained; * * *." The case law interpreting this rule is to the effect that while the trial court need not explain in the order its reasons for believing that the applicant has shown a probable right to final relief, it is necessary for it to give the reasons why injury will be suffered if the temporary injunction is not granted. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953); West v. Pennyrich International, Inc., 447 S.W.2d 771 (Tex.Civ.App., Waco, 1969, n. w. h.); State v. Cook United, Inc., 464 S.W.2d 105 (Tex., 1971).

An analysis of the Court of Civil Appeals' opinion and the Supreme Court's opinion in State v. Cook United, Inc., found at 455 S.W.2d 332 and 464 S.W.2d 105, respectively, and the cases cited therein, indicates that it is mandatory that the order include within itself the reasons why injury will be suffered but for the granting of the order. While Mr. Chief Justice Calvert stated in a concurring opinion that the Supreme Court, by its majority opinion by Mr. Justice Reavley, has, in effect, recognized "an exception to the Rule's requirement in cases involving injunctive orders granted on behalf of the State to restrain the operation of statutorily declared public nuisances", the basic premise of the majority and concurring opinions, as well as the dissenting opinion by Mr. Justice McGee, joined by Mr. Justice Walker, is that the requirements of Rule 683 are mandatory. We find no basis in the authorities cited by appellee for holding otherwise under the facts and circumstances here presented. The trial court's order granting a temporary injunction fails to comply with Rule 683 and must be dissolved.

Appellee contends that this point has been waived by appellant by its attorney signing a statement at the bottom of the order "approved as to form." We cannot agree. "As a matter of professional courtesy, the unsuccessful counsel may approve as a matter of form a proposed judgment. Such approval is not a condition precedent to the entry of the judgment by the Court. Moreover, an approval as to form is no more than it purports upon its face to be: it waives no error which may be assigned against the proceedings prior to or incident to the judgment." McDonald, Texas Civil Practice, sec. 17.10, p. 1336. Sandoval v. Rattikin, 395 S.W.2d 889 (Tex.Civ.App., Corpus Christi, 1965, writ ref., n. r. e., certiorari denied 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132, rehearing denied 385 U.S. 964, 87 S.Ct. 389, 17 L.Ed. 2d 309); Consolidated Casualty Insurance Company v. Jackson, 419 S.W.2d 232 (Tex. Civ.App., Houston, 14th Dist., 1967, writ ref., n. r. e.).

We do not reach, and will therefore not comment upon appellants' additional points.

The temporary injunction ordered by the trial court is hereby dissolved, and the cause is remanded to the trial court.

Reversed and remanded.