Israel TREVINO, Cruz Gonzalez, Jr., Ricardo Bosquez and Rolando De Alejandro, Appellants,

v.

Rose ESPINOSA, Appellee.

No. 13–86–055–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 2, 1986.

Ben House, Corpus Christi, for appellants.

Rene Rodriguez, Rudy Gonzales, Jr., Corpus Christi, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a defamation action in which Rose Espinosa, appellee, was

awarded three hundred thousand dollars ($300,000.00) in actual and exemplary damages.

Appellee brought a libel action stemming from the publication of a political newsletter entitled *Realidades,* which was distributed throughout her hometown. The publication contained a paragraph which undeniably referred to appellee, and reads as follows:

> There have been alot of inquiries as to the whereabouts of the now famous 'Peligrosa's Pictures.' Due to the X X X nature of the material, they have been classified as *TOP SECRET.* They will only be used in case of a community emergency. Let us all keep a kool *HEAD* !!!

The evidence reveals that the pictures referred to in the article are simply photographs of people socializing at a political fundraiser barbecue which appellee happened to attend. Several witnesses testified that they interpreted "XXX" to refer to pornographic material, though there was nothing pornographic about the photographs involved. Appellee was also referred to in the newsletter as "Rose Peligrosa," meaning "Rosa the dangerous." Appellee was also characterized as "an active wife who used the business phone where she worked for *many* interesting reasons," without her husband's knowledge. [emphasis in original].

A group of people gathered at Ricardo Bosquez's home one evening to compose the newsletter to help Israel Trevino in his campaign for Robstown City Council. The newsletter, *Realidades,* was essentially composed that evening, and approximately 2,000 copies were distributed house to house throughout the Robstown community. Originally, appellee asserted a cause of action against seventeen individual defendants, but at trial appellee proceeded against only five defendants. Four of these defendants were adjudged liable and bring this appeal.

In answer to Special Issue No. 1, the jury determined that the publication tended to impeach the honesty, integrity, virtue and reputation of Rose Espinosa. In answer to Special Issue No. 2, they found that each of the appellants had composed, created, distributed, circulated, delivered or printed the publication, and in response to other special issues, awarded appellee a total of $200,000.00 actual damages and $100,000.00 exemplary damages. The court ordered that appellee receive a total of: $30,000.00 from Israel Trevino, $120,000.00 from Cruz Gonzalez, Jr., $90,000.00 from Ricardo Bosquez, $60,000.00 from Rolando de Alejandro, and that all appellants pay the costs of court.

Appellants bring four points of error, complaining of appellee's failure to submit a special issue on proximate cause, and her failure to prove the falsity of the publication. Appellant Cruz Gonzalez, Jr., challenges the legal and factual insufficiency of the evidence to support a judgment against him.

By points of error one and two, appellants complain of appellee's failure to object to the lack of a special issue submission on proximate cause.

■ Although an issue was not submitted on proximate cause, appellee did request an issue on proximate cause, which reads as follows:

> That the article complained of by Rose Espinosa was the proximate cause of the damages, if any, claimed by Rose Espinosa.

The trial court denied this requested issue in writing. However, in answer to Special Issue No. 3, the jury found the following:

> What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence would fairly and reasonably compensate Rose Espinosa for the *injuries,* if any, *which you find from a preponderance of the evidence she may have sustained as a proximate result of the publication* admitted into evidence as Plaintiff's Exhibit No. 1? [Emphasis added].

A. Mental anguish, humiliation and embarrassment in the past.    $40,000.00

B. Mental anguish, humiliation and embarrassment which in reasonable

|  |  |
|---|---|
| probability Rose Espinosa will suffer in the future. | $60,000.00 |
| C. Damage to reputation and character in the past. | $50,000.00 |
| D. Damage to reputation and character which in reasonable probability she will suffer in the future: | $50,000.00 |

The percentage of damages attributed to each appellant by Special Issue No. 3A are as follows:

Israel Trevino–10%;

Cruz Gonzales, Jr.–40%;

Ricardo Bosquez–30%;

Rolando de Alejandro–20%;

By determining the amount and percentage of actual damages attributable to each appellant through Special Issue Nos. 3 and 3A, a presumption that the jury found proximate cause is raised.

■ On appeal, where a ground of recovery consists of more than one issue and an issue is omitted, and there is evidence to support a finding on the omitted issue, the omitted issue shall be deemed as found by the court in such manner as to support the judgment. TEX.R.CIV.P. 279. Although it is appellee's responsibility to secure a finding on the essential elements of her cause of action, failure to submit an issue shall not be deemed a ground for reversal *unless* its submission is requested in writing *by the party complaining of the judgment* (appellants). TEX.R.CIV.P. 279. An objection will suffice if the issue is one relied upon by the opposing party (appellee). TEX.R.CIV.P. 279. Appellants neither objected to the court's charge nor did they submit their own issue on proximate cause. Appellants' failure to object to the charge waives any error. TEX.R.CIV.P. 272.

Appellants cite *Cameron County v. Velasquez*, 668 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), for the proposition that the proximate cause issue may not be deemed as found in support of the judgment because although appellee requested the issue, she failed to secure the special issue's submission. In *Cameron*, however, because the County (appellant) properly objected to the charge,

the special issue there could not be deemed as found in support of the judgment. By objecting, the County not only preserved error, but also laid the predicate to prevent a presumed finding on the omitted issue. TEX.R.CIV.P. 279. In addition, Velasquez failed to request that such an issue be submitted to the jury. *Cameron*, 668 S.W.2d at 781. Appellants' first two points are overruled.

■ By their third point, appellants claim that there is no evidence that the statement complained of is false. The plaintiff carries the burden of showing that an alleged slanderous statement is false. The courts in Texas have long recognized that truth of a defamatory statement is an affirmative defense, and the burden of proving truth by a preponderance of the evidence is on the defendant. *Frank B. Hall & Co., Inc. v. Buck*, 678 S.W.2d 612, 623 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). "Truth" as justification for the publication is a defense which must be specifically pled or is waived. *General Motors Acceptance Corp. v. Howard*, 474 S.W.2d 929, 933 (Tex.Civ.App.—Beaumont 1971), *aff'd*, 487 S.W.2d 708 (Tex.1972).

Here, Appellants' Amended Answer, filed January 16, 1984, alleges that Plaintiff's Petition "is patently the subject of a political advertisement paid for by the 'Committee for a Better Robstown.'" The answer goes on to describe and explain the contents of the publication entitled *Realidades*. Appellants assert that the references in *Realidades* to Rose Espinosa are "very mild compared to strident remarks and caricatures" of other members of the community, and move to strike the exhibit "as but a political hassle between the candidates." They assert that the pleading, "when taken in connection with the exhibit [*Realidades* ], reveals an artificial construction quite apart from any question of libel, slander or personal criticism, but most surely points to a violent political dispute, now concluded...."

Appellants' pleadings contain no assertion of truth as an affirmative defense, nor do they deny the falsity of statements

made with reference to Rose Espinosa. Affirmative defenses not pleaded are waived. *Petroleum Anchor Equipment, Inc. v. Tyra,* 419 S.W.2d 829 (Tex.1967); *Villalon v. Vollmering,* 676 S.W.2d 220 (Tex.App.—Corpus Christi 1984, no writ); TEX.R.CIV.P. 94. Appellants' third point of error is waived.

Moreover, assuming that the point is not waived, in considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

■ Appellants claim that, although appellee denies that pornographic pictures were taken of her at the barbecue, she fails to deny the existence of *any* pornographic pictures. Consequently, appellants argue that appellee has failed in her burden to prove "the falsity that such photographs exist." Appellants failed to make such assertions in their pleadings or evidence, but raise this argument for the first time in their appellate brief.

Appellee did not carry a burden to prove the nonexistence of any pornographic photographs. As noted by the Court of Appeals in *Frank B. Hall & Co., Inc. v. Buck,* 678 S.W.2d at 625:

> There has been no decision by the United States Supreme Court holding that in order to prove "fault" of the defendant, the plaintiff must prove falsity of the defamatory statement....
>
> In the instant case the jury findings that the statements were made with reckless disregard of whether or not they were false is sufficient proof of fault as required under *Gertz.*

In answer to Special Issues Nos. 4–7, the jury found that each of the appellants (Israel Trevino, Cruz Gonzalez, Jr., Ricardo Bosquez, and Rolando de Alejandro) acted with actual malice. "Actual malice" was defined for the jury to "mean that the material was published with the knowledge that it was false as it pertained to Rose Espinosa or with reckless disregard of whether the material as applied to Rose Espinosa was false or not." Appellee was not required to prove the nonexistence of photographs discussed in the publication *Realidades,* but only that the publication was made with reckless disregard or knowledge of its falsity. Sufficient evidence was offered to fulfill appellee's burden. Appellant's third point is overruled.

■ By his fourth point, appellant Cruz Gonzalez, Jr., claims that the evidence is legally and factually insufficient to support a judgment against him. Gonzalez asserts that there is insufficient evidence that he had prior knowledge of the newsletter or that he assisted in its distribution.

Gonzalez testified that he never had anything to do with writing or distributing *Realidades,* yet also testified that it had his name on it, that he had purchased the picture featured on the front page from the *Corpus Christi Caller-Times* newspaper for twenty-five dollars, and had given the picture to his son-in-law, Ricardo Bosquez. Ricardo Bosquez confirmed that he had obtained the picture from his father-in-law. Gonzalez found nothing wrong with the paragraph concerning Mrs. Espinosa and the triple X pictures, although he did associate "triple X" with pornography.

Jimmy Cruz Rodriguez testified that he observed the newsletter in the grocery store which Gonzalez owns. Rodriguez stated that approximately twenty copies were stacked on the counter next to the cash register, available for customers to pick up.

■ It is within the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony, as well as resolving conflicts and inconsistencies in the testimony of different witnesses. *Caterpillar Tractor Co. v. Boyett,* 674 S.W.2d 782, 788 (Tex.App.—Corpus Christi 1984, no writ); *Jim Walter Homes*

*v. Castillo*, 616 S.W.2d 630 (Tex.Civ.App.—Corpus Christi 1981, no writ). The evidence was sufficient to support a judgment against Cruz Gonzalez, Jr. Appellants' final point is overruled.

Appellee complains by cross-point of the trial court's failure to render judgment on the verdict jointly and severally against appellants for damages found by the jury.

 As a general rule, an appellate court may not consider cross-points unless the appellee has in some manner apprised the trial court of her dissatisfaction with the judgment. *West Texas Utilities Co. v. Irvin*, 336 S.W.2d 609 (Tex.1960); *Tenngasco Gas Gathering Co. v. Fischer*, 653 S.W.2d 469, 474 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Here, appellee never apprised the trial court of her dissatisfaction with the court's failure to assess joint and several liability.

Appellee filed a Motion for Judgment on the Verdict which states that, in answer to Special Issues Nos. 3 and 8, the jury awarded appellee $200,000.00 and $100,000.00 respectively. Appellee requested that judgment be rendered and entered in accordance with the judgment submitted to the trial court, a copy of which was attached to appellee's motion.

The requested judgment states in pertinent part:

> The Court, having considered the pleadings, argument of counsel, the stipulations between the parties, and jury's answers to Special Issues No. 1 through 8, is of the opinion and finds that Plaintiff, Rose Espinosa, should recover from the Defendants Israel Trevino, Cruz Gonzalez, Jr., Ricardo Bosquez and Rolando De Alejandro $200,00.00 for actual damages and an additional $100,000.00 as punitive damages *as specifically apportioned in Special Issues 3A and 8.*
> IT IS THEREFORE ORDERED that Plaintiff Rose Espinosa do have and recover of and from Defendants the sum of $200,000.00 as actual damages and an additional $100,000.00 as punitive damages. [Emphasis added].

Appellee's motion and proposed judgment do not request that the trial court award damages jointly and severally, but on the contrary, the requested judgment specifically asks that the damages be apportioned as determined by the jury's answers to special issues 3A and 8. Those special issues award damages in accordance with the individual percentages of liability assessed for each appellant. The trial court rendered its judgment on the verdict as requested by appellee. We need not consider appellee's cross-point.

The judgment of the trial court is AFFIRMED.