**Ion CASU and Celia Casu as next friend of Alex Casu, Virginia Casu and Juanita Casu, Minor Children, Appellants,**

**v.**

**MARATHON REFINING COMPANY, Marathon Petroleum Company, Bob Alcock, Westheimer Rigging & Heavy Hauling, Inc., and Westheimer Contracting Company, Appellees.**

No. 01–93–00270–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 1995.

Rehearing Overruled March 23, 1995.

Donna Roth, Leslie Werner de Soliz, Houston, for appellants.

Reagan W. Simpson, Jennifer Brch Hogan, Phillip A. Werner, Mary C. Thompson, Donnie R. Duplissey, Houston, for appellees.

Before O'CONNOR, HUTSON–DUNN and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

We issued our original opinion in this case on February 9, 1995. The appellants moved for rehearing. We now deny the motion for

rehearing, but withdraw our original opinion and issue this one in its stead to address the appellants' rehearing arguments.

This case presents the question of whether a party may attack a judgment when it was that party who asked the trial court to enter it. We answer the question in the negative and affirm.

## Summary of Facts

Ion Casu and his minor children (the Casus) sued Marathon Refining Company, Marathon Petroleum Company, Bob Alcock, Westheimer Rigging & Heavy Hauling, Incorporated, and Westheimer Contracting Company (the defendants), for personal injuries Mr. Casu sustained as a result of a chemical leak at the Marathon refinery. At the close of trial, the jury awarded $50,000 in damages to Mr. Casu, and nothing to his children. The Casus then moved the trial court to enter judgment awarding Mr. Casu $50,000, plus pre-judgment interest of $26,778.00, for a total amount of $76,778.00, plus accrued court costs and post-judgment interest at 10% per annum. The final judgment entered by the trial court awards Mr. Casu precisely what the Casus requested. In 10 points of error, the Casus now seek to attack that judgment.

## Waiver

■ Where a litigant moves the trial court to enter a judgment, and the trial court enters the judgment, the litigant cannot later complain of that judgment. *Transmission Exch., Inc. v. Long,* 821 S.W.2d 265, 275 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *accord D/FW Commercial Roofing Co. v. Mehra,* 854 S.W.2d 182, 190 (Tex.App.— Dallas 1993, no writ).

■ When a party asks the trial court to render judgment for a particular amount, and the court renders judgment for that amount, that party cannot challenge the judgment on appeal. *Transmission Exch.,* 821 S.W.2d at 275; *accord D/FW Commercial Roofing,* 854 S.W.2d at 190 (holding plaintiff waived complaint regarding amount awarded as attorney's fees where plaintiff filed motion to enter judgment and trial

court entered judgment for exact sum requested by plaintiff in motion).

In *Transmission Exchange,* the plaintiff recovered against one of the defendants based on fraud. 821 S.W.2d at 267. The jury found that plaintiff's actual damages should be reduced because he did not mitigate his damages. *Id.* at 274. On appeal, the plaintiff argued the actual damages should not have been reduced because, as a matter of law, there is no duty to mitigate damages based on fraud. *Id.* We noted, however, the trial court had entered the same judgment the plaintiff had asked it to enter in his motion for entry of judgment. The plaintiff's proposed judgment awarded him fraud damages reduced for failure to mitigate. *Id.* We held plaintiff waived the error. *Id.*

The Casus filed a "Motion to Enter Judgment." In their motion, the Casus "respectfully request[ed]" that the trial court "enter a Final Judgment in accordance with the Judgment which is attached hereto" and "pray[ed] that this Honorable Court enter their judgment, in accordance with the Judgment attached to this Motion." The proposed judgment attached to the motion is entitled "Final Judgment" and states that it is "Ordered, Adjudged and Decreed, that Ion John Casu shall be awarded the sum of $50,000 plus pre-judgment interest of $26,778.00, for a total amount of $76,778.00, plus accrued court costs from Defendants" and that Mr. Casu "is granted post judgment interest at the legal rate of 10% per annum" until the sum is paid. The final judgment entered by the trial court awards Mr. Casu "the sum of $50,000.00 plus pre-judgment interest of $26,778.00, for a total amount of $76,778.00, plus accrued court costs from Defendants" and also grants Mr. Casu "post judgment interest at the legal rate of 10% per annum" until the sum is paid.

In *Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319 (Tex.1984), a party attempted to challenge a judgment which the trial court entered on the party's own motion. Along with the motion to enter judgment, the party filed a trial brief in which it attacked the judgment and stated that it reserved the right to "challenge any adverse judgment

based upon the verdict." The Supreme Court said the brief did not reserve the party's right to appeal the judgment that it had asked the court to render. *Id.* at 322. The court held that the party "could not have it both ways." *Id.*

■ To preserve the right to complain about a judgment on appeal, a movant for judgment should state in its motion to enter judgment that it agrees only with the form of the judgment, and note its disagreement with the content and result of the judgment. *First Nat'l Bank v. Fojtik,* 775 S.W.2d 632, 633 (Tex.1989); *Transmission Exch.,* 821 S.W.2d at 275. In their motion to enter judgment, the Casus did not express any disagreement with the content or result of the judgment they asked the trial court to enter. Their motion to enter the judgment was unqualified. We hold that the Casus, having unreservedly invited the trial court to enter the judgment it entered, may not attack that judgment on appeal.

### Consent Judgment

■ The Casus argue that they did not "consent" to the judgment. They point out that the judgment entered by the trial court was not signed as "approved" by their counsel, and that even if it had been, the fact that the judgment was signed as "approved," standing alone, is not sufficient to show *consent.*[1] These facts, however, are irrelevant, because the judgment in this case *is not a consent judgment.* A judgment cannot be a consent judgment unless all the parties agree to the judgment. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951); *Kelley v. Pirtle,* 826 S.W.2d 653, 654 (Tex.App.—Texarkana 1992, writ denied). The defendants did not agree to the judgment.

■ Furthermore, where a party moves to have the court enter a judgment, the traditional evidence of the party's "consent" is irrelevant; no evidence of "consent" to the judgment is necessary *where it was that party who asked the court to render the judgment.* In all of the cases which state the

rule that when a party asks the court to enter a judgment, the party cannot later attack that judgment, the appellate court focused on whether the judgment entered was the one the party asked the court to enter; *whether the judgment had the characteristics of a consent judgment was never in issue.* *See, e.g., D/FW Commercial Roofing Co.,* 854 S.W.2d at 190; *Transmission Exch.,* 821 S.W.2d at 274–75; *Trevino v. Espinosa,* 718 S.W.2d 848, 853 (Tex.App.—Corpus Christi 1986, no writ); *Travenol Lab., Inc. v. Bandy Lab., Inc.,* 608 S.W.2d 308, 314 (Tex. Civ.App.—Waco 1980, writ ref'd n.r.e.); *R.B. Butler, Inc. v. Henry,* 589 S.W.2d 190, 192 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.); *Rogge v. Gulf Oil Corp.,* 351 S.W.2d 565, 566 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.). In these cases, the only issue was whether the trial court entered the judgment that the party asked it to enter; when the answer to this question was "yes," these courts held that the party could not complain of the judgment. That is the case here.

For the Casus to have waived the right to attack the judgment, it was not necessary that the judgment have the same characteristics as a consent judgment. A party's request that a court enter a particular judgment is itself sufficient to prevent the party from attacking that judgment later, as all the cases cited above hold. Evidence of the appellants' "consent" to the judgment is not necessary when it was the appellants themselves who asked the court to enter the judgement.

### Conflicting Authority

The Casus also contend that this Court's opinion conflicts with *Harry v. University of Texas Sys.,* 878 S.W.2d 342 (Tex.App.—El Paso 1994, no writ). They are correct. We respectfully disagree with the *Harry* court.

In *Harry,* the El Paso Court held that a party who moves for judgment on the verdict is prohibited from complaining on appeal *only about the sufficiency of the evidence.* 878 S.W.2d at 344. The court cited two cases for support of this purported rule: *Litton*

---

1. *See Hill v. Bellville Gen. Hosp.,* 735 S.W.2d 675, 678 (Tex.App.—Houston [1st Dist.] 1987, no writ).

and *Stewart & Stevenson Servs., Inc. v. Enserve, Inc.*, 719 S.W.2d 337 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

In *Litton*, the Supreme Court made no such pronouncement. There, the jury awarded the plaintiff approximately $700,000. 668 S.W.2d at 321. The defendant moved for judgment in that amount. *Id.* The trial court, however, did not enter the judgment that the defendant asked it to enter; rather, the court entered a judgment awarding the plaintiff three times that amount, since the court believed that the DTPA applied. *Id.* The Supreme Court held that, because the defendant moved for judgment on the jury's award of actual damages, the defendant could not attack the sufficiency of the evidence supporting that award, but could still attack the trial court's trebling of the damages. *Id.* at 322. Nowhere in *Litton* does the Supreme Court state that a party who moves for judgment on the verdict is prohibited from complaining on appeal only about the sufficiency of the evidence.

In *Litton*, the Supreme Court held that the defendant was prohibited from complaining on appeal about the sufficiency of the evidence because, *in moving for judgment on the jury's award of actual damages, the defendant forfeited the right to complain about the sufficiency of the evidence to support those damages.* 668 S.W.2d at 322. The Supreme Court allowed the defendant to attack the trebling of the actual damages because its motion to enter judgment was consistent with an attack on the trebling, since the defendant did not ask for the entry of a judgment that trebled the damages. *Id.*

Here, however, the Casus' motion to enter judgment asked for precisely what they got, unlike the defendant in *Litton*, against whom the trial court rendered judgment for three times the amount stated in the motion to enter judgment. *Litton* does not support the rule in *Harry* and does not help the Casus.

In the other case cited by the *Harry* court, *Stewart & Stevenson*, the Fourteenth Court wrote:

First [the defendant] moved for judgment on the verdict and then attempted to preserve no evidence and insufficiency of the evidence points of appeal by filing a motion for new trial once judgment was rendered on the verdict. The attempt has failed. We accordingly overrule points of error two, three, seven, eight, nine, ten, twelve and thirteen [the points complaining about the sufficiency of the evidence].

719 S.W.2d at 341. The court then went on to consider those points of error that did not attack the sufficiency of the evidence, offering no analysis or authority supporting its decision to do so.

In *Transmission Exchange*, we held that the cross-appellant had waived its point of error by moving for entry of the final judgment that the court entered. 821 S.W.2d at 275. The point of error we held was waived had nothing to do with the sufficiency of the evidence; rather, it concerned whether a duty to mitigate damages existed under the facts of the case. *Id.* at 274, 275. Thus, the rule in this Court is that where the litigant moves the trial court to enter a judgment, and the trial court enters the judgment, the litigant cannot later complain of that judgment, *period.* *Id.* at 275. The rule is not limited to points of error that attack the sufficiency of the evidence. In fact, as in our case of *Transmission Exchange*, in *D/FW Commercial Roofing*, *Trevino*, and *Travenol Laboratories*, the points of error that the respective appellate courts held were waived *were points concerning issues other than the sufficiency of the evidence.* *Transmission Exch.*, 821 S.W.2d at 274–75; *D/FW Commercial Roofing*, 854 S.W.2d at 190; *Trevino*, 718 S.W.2d at 853; *Travenol Lab.*, 608 S.W.2d at 314.[2]

We disapprove of the two cases that reached a contrary holding, *Harry* and *Stewart & Stevenson*. If a party moves for entry of judgment *without reservation*, as happened here, the appellate court should hold that all points of error, not just points concerning the sufficiency of the evidence, are waived. If a party wants to preserve points for attack on appeal, the party should do

---

**2.** In *R.B. Butler, Inc.*, the *only* points of error the waiving appellant brought were points relating to

the sufficiency of the evidence. 589 S.W.2d at 191–92.

what the Supreme Court told it to do in *Fojtik*, 775 S.W.2d at 633: state in the motion to enter judgment that it agrees only with the form of the judgment, and state its disagreement with the content and result of the judgment. *Accord Transmission Exch.*, 821 S.W.2d at 275.

We affirm the judgment of the trial court.