Opinion issued November 20, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00808-CV




RENE JOSEPH MAILHOT, Appellant

V.

NOMA KATHLEEN MAILHOT, Appellee




On Appeal from the County Court at Law
Waller County, Texas
Trial Court Cause No. 00-01-15264




O P I N I O N

          Appellant, Rene Joseph Mailhot (“Husband”), and appellee, Noma Kathleen
Mailhot (“Wife”), divided their marital property under an agreed divorce settlement. 
They reached the settlement during their divorce trial, which was tried to a jury, and
after the trial court ruled to exclude certain evidence from the trial. In three issues,
Husband challenges the trial court’s evidentiary rulings, all of which occurred before
entry of the settlement agreement. Husband asserts that he is entitled to appeal his
agreed settlement under Sanchez v. State, 98 S.W.3d 349 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d), because the agreed settlement was not independent of, and
was supported by, the trial court’s alleged erroneous rulings. Wife moves this Court
to award sanctions pursuant to rule 45 of the Rules of Appellate Procedure on the
grounds that Husband’s appeal of the agreed settlement is frivolous under well-established precedent. See Tex. R. App. P. 45. We affirm the judgement of the trial
court and deny Wife’s motion for sanctions.
Background
          Wife filed for divorce from Husband. In their ensuing jury trial, the court
excluded evidence, pursuant to Wife’s objections, that Husband had not complied
with discovery and that evidence of misappropriation of income was not relevant to
the issues before the jury. Following the court’s evidentiary rulings excluding
evidence during Wife’s case-in-chief, the parties reached a settlement. When the
terms of the settlement were dictated into the record, Husband and Wife both testified
that they had reached an agreement and that they desired that judgment be rendered
accordingly. The trial court accepted the settlement as agreed and entered a final
divorce decree that both Husband and Wife endorsed as “approved as to both form
and substance.”
WaiverIn issues one through three, Husband argues that the trial court’s presettlement
evidentiary rulings were erroneous, and that he agreed to the settlement as a result of
the trial court’s erroneous rulings. Wife responds, and we agree, that Husband has
waived the right to appeal non-jurisdictional errors by agreeing to the settlement and
asking the court to sign the judgment.
          It is well-settled that a judgment entered on the agreement of the parties cures
all non-jurisdictional defects. See Minnick v. Rogers, 873 S.W.2d 420, 422 (Tex.
App.—Tyler 1994, no writ) (citing Sandoval v. Rosser, 26 S.W. 933, 935 (Tex.
1894)). A party who asks the trial court to accept a settlement agreement and to enter
judgment accordingly may not later attack that judgment. Casu v. Marathon Ref. Co.,
896 S.W.2d 388, 389 (Tex. App.—Houston [1st Dist.] 1995, writ denied);
Transmission Exch., Inc. v. Long, 821 S.W.2d 265, 275 (Tex. App.—Houston [1st
Dist.] 1991, writ denied). To preserve error for appeal, a party who signs a judgment
must specify that his agreement with the judgment is as to form, but not as to
substance and outcome. First Nat’l Bank v. Fojtik, 775 S.W.2d 632, 633 (Tex. 1989)
(emphasis added); Casu, 896 S.W.2d at 390; Transmission Exch., 821 S.W.2d at 275.
          Husband argues that we should ignore this well-established authority regarding
agreed civil settlements, and, instead, extend our criminal-law holding in Sanchez v.
State to this case. 98 S.W.3d 349 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). 
In Sanchez, we held that when a defendant pleads guilty to a crime, the defendant
waives the right to appeal a claim of error only when the judgment of guilt was
rendered independent of, and was not supported by, the error claimed. Id. at 353. We
granted the defendant in Sanchez a new trial, despite his guilty plea to the offense,
because the trial court erred in denying a motion to reveal the identity of a
confidential informant. Id. at 358. Relying on Sanchez, Husband argues that his
agreed settlement judgment should be set aside if we determine that the settlement
was not rendered independently of, and was not supported by, the trial court’s
allegedly erroneous evidentiary rulings. Husband asserts that he agreed to the
judgment only because the trial court’s evidentiary rulings denied him the opportunity
to introduce specific evidence to the jury, which he claims was crucial to the case. 
According to Husband, this “nexus” between the trial court’s error and the agreed
judgment entitles him to a new trial. See id. at 353.
          We decline to extend the holding in Sanchez from criminal cases to agreed
judgments in civil cases. The civil rule precluding appeal of non-jurisdictional errors
following agreed judgments is well-established, as addressed above. Civil litigants
who disapprove of the terms of a judgment may object to the substance and appeal
accordingly. We conclude that the Sanchez holding, which pertains to criminal
defendants’ guilty pleas, does not apply to appellant’s civil agreed judgment. 
          Having entered into an agreed judgment with his Wife, Husband has waived
any right to complain about the trial court’s prior evidentiary rulings. See Minnick,
873 S.W.2d at 422. Husband has also waived the right to complain of the judgment
that he asked the trial court to enter. See Casu, 896 S.W.2d at 389; Transmission
Exch., 821 S.W.2d at 275. Husband has not preserved error to complain of the
judgment, which he “approved as to both form and substance.” See Fojtik, 775
S.W.2d at 633; See also Casu, 896 S.W.2d at 390; Transmission Exch., 821 S.W.2d
at 275.
          Accordingly, we overrule Husband’s issues one, two, and three.Rule 45 Sanctions
          In her responsive brief, Wife contends that Husband’s appeal is frivolous and
requests monetary sanctions. Rule 45 of the Rules of Appellate Procedure permits
an appellate court to award a prevailing party “just damages” for “frivolous” appeals. 
Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied). In determining whether an appeal is frivolous, we apply an
objective test. Smith, 51 S.W.3d at 381. We review the record from the viewpoint
of the advocate and ask whether the advocate had reasonable grounds to believe the
judgment could be reversed. Id. We exercise prudence and caution and deliberate
most carefully before awarding appellate sanctions. Id.
          Although there is no merit to Husband’s appeal, we decline to conclude that he
has frivolously attempted to apply recent, ostensibly analogous authority from
criminal jurisprudence to civil jurisprudence. 
Conclusion
          We affirm the judgment of the court below. We deny Wife’s motion for
sanctions against Husband.




                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.