NUMBER 13-03-228-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

KANDICE N. BONNER,                                                                   Appellant,

 

                                                             v.

 

TEXAS
CHILDREN=S HOSPITAL,

ET AL.,                                                                                             Appellees.

 

       On appeal
from the 333rd District Court of Harris County, Texas.

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








In this medical malpractice case, appellant, Kandice
N. Bonner, appeals a summary judgment granted in favor of appellees, Texas
Children=s Hospital (ATCH@) and Drs. Helen Mintz-Hittner, Timothy R. Cooper,
Anthony J. Corbet, Esequiel C. Guevara, Katherine R. Eggleston, Lawrence
Burstein, Andrea J. Eberle, Sara F. Guerrero-Duby, and Gail M. Morgan.  By eleven issues, appellant contends the
trial court erred in (1) granting summary judgment and (2) denying her motion
to compel the production of certain medical records and documents.  We affirm. 

                                                                  Background

On May 3, 2001, the day before her twentieth
birthday, appellant filed suit against TCH and Drs. Mintz-Hittner, Guerrero,
Cooper, Corbet, Guevara, and Eggleston,[1]
asserting claims for medical malpractice related to treatment she received as a
premature infant, which resulted in her blindness.  On December 2, 2002, appellees moved for
summary judgment on grounds that appellant=s claims were barred by the statute of limitations
and the equitable doctrine of laches.[2]  

On February 18, 2003, while appellees= motion remained pending, appellant filed a motion
for continuance in an effort to avoid a trial date of March 3, 2003.  In her motion, appellant requested that the
trial court grant appellees= motion for summary judgment in order to Atest@ appellant=s legal position Ain
advance of any trial of [the] case.@  Three days
later, on February 21, 2003, following a hearing, the trial court granted
appellees= motion for summary judgment and rendered a
take-nothing judgment on appellant=s claims against appellees.      








TCH argues that because appellant requested that the
trial court grant appellees= motion for summary judgment, she may not complain
on appeal that the trial court granted the relief she requested.   We agree.

Appellant=s motion stated:

Comes now [appellant], and moves the court to grant
a continuance for the current trial setting of March 3, 2003, and for good
cause would show to the court as follows:

 

                                                                 I.

 

This medical malpractice case involves numerous
defendants from out of state and will require more than two weeks for
trial.  Plaintiff has filed a vacation
letter and the ancillary judge has advised that any motion for continuance
based on the vacation letter must be filed in the court where the case is
pending.

 

                                                                 II.

 

The court has pending a motion for summary judgment
from all defendants based upon limitations. 
The court also has a pending motion for discovery filed by the
plaintiff.  The court has not entered an
order on either of these two matters.

 

Either of these motions could result in the
necessity to reverse any judgment entered in this case on motion for rehearing
or on appeal.  The plaintiff=s motion for discovery requests documentation and
facts that are absolutely necessary for a proper trial of this case and to
contest the position of the defendants relating to liability issues.

 

This case will require an expenditure of more than
$300,000.00 to the parties to try the case and considerable expense to the
county in connection with the jury trial.

 

                                                                 III.

 

Under the circumstances, the plaintiff believes the
interest of the parties and the judicial economy of this honorable court would
best be served by the court granting the defendants= joint motion for summary judgment based on
limitations so as to permit the plaintiff to test such legal position and
argument in advance of any trial of this case.

 

Alternatively, it would also permit the plaintiff to
test his motion for disclosure of documentary evidence essential to the trial
of this case.

 

                                                                IV.








This motion is not presented solely for delay but
for good cause and in the interest of justice. 


 

WHEREFORE, the plaintiff respectfully moves the
court to either grant a continuance or to dismiss this case based upon the
defendants= pleas of limitations so that the issue may be
resolved prior to the trial of this case, and prevent the issue from being
outstanding if the plaintiff obtains a judgment.

 

                                                                /s/

                                                 [appellant=s counsel]  

                                                                  

                                                    Applicable
Law

 

A party that asks for a
certain type of relief cannot complain on appeal if that relief is granted, and
a party may not secure a reversal for error that it invited.[3]  To preserve the right to challenge a judgment
on appeal, a party who moves for judgment must qualify his claim for relief by
stating, in the motion itself, that he agrees only with the form of the
judgment and disagrees with the content and result.[4]  








In response to TCH=s
argument, appellant cites Oryx Energy Co. v. Union Nat=l Bank of Tex., 895 S.W.2d 409, 417 (Tex. App.BSan Antonio 1995, writ denied); First Am. Title
Ins. Co. v. Adams, 829 S.W.2d 356, 364 (Tex. App.BCorpus Christi 1992, writ denied); Bexar County
Criminal Dist. Attorney=s Office v. Mayo, 773 S.W.2d 642, 644 (Tex. App.BSan Antonio 1989, no writ); Hill v. Bellville
Gen. Hosp., 735 S.W.2d 675, 678 (Tex. App.BHouston
[1st Dist.] 1987, no writ); Sigma Sys. Corp. v. Elec. Data Sys. Corp.,
467 S.W.2d 675, 677 (Tex. Civ. App.BTyler 1971, no writ); and Consol. Cas. Ins. Co.
v. Jackson, 419 S.W.2d 232, 239 (Tex. Civ. App.BHouston [14th Dist.] 1967, writ ref=d, n.r.e.). 
We conclude appellant=s reliance on these cases is misplaced.  The cases cited by appellant address whether
the signature of a party=s counsel on a judgment, accompanied by phrases such
as AApproved as to Form and Substance@ or AApproved as to Form@
constitute a consent judgment.[5]  

Here, our decision is based not on appellant=s signature on the order granting appellees= motion for summary judgment,[6]
but on appellant=s motion, which unqualifiedly requested that the
trial court grant appellees= motion for summary judgment.  We agree with the reasoning of the First
Court of Appeals in Casu v. Marathon Ref. Co., 896 S.W.2d 388, 390 (Tex.
App.BHouston [1st Dist.] 1995, writ denied) (op. on reh=g):








To
preserve the right to complain about a judgment on appeal, a movant for
judgment should state in its motion to enter judgment that it agrees only with
the form of the judgment, and note its disagreement with the content and result
of the judgment.  In their motion to
enter judgment, the Casus did not express any disagreement with the content or
result of the judgment they asked the trial court to enter. Their motion to
enter the judgment was unqualified. We hold that the Casus, having unreservedly
invited the trial court to enter the judgment it entered, may not attack that
judgment on appeal.[7]

 

In First Nat=l Bank v. Fojtik, 775 S.W.2d 632, 633 (Tex. 1989), the supreme court noted that a party
may preserve the right to challenge a judgment on appeal if his motion for
relief states, in the motion itself, that he agrees only with the form of the
judgment and disagrees with the content and result.[8]  In Fojtik, the plaintiffs filed a
motion for judgment, which stated:

While
Plaintiffs disagree with the findings of the jury and feel there is a fatal
defect which will support a new trial, in the event the Court is not inclined
to grant a new trial prior to the entry of judgment, Plaintiffs pray the Court
enter the following judgment.  Plaintiffs
agree only as to the form of the judgment but disagree and should not be
construed as concurring with the content and result.[9]  

 








In the present case, as in Casu, appellant=s request that the trial court grant appellees= motion for summary judgment was unqualified.[10]  Accordingly, we hold that appellant, having
unreservedly invited the trial court to enter the judgment it entered, may not
attack that judgment on appeal.[11]

We AFFIRM the judgment of the trial court.  All pending motions are dismissed as
moot.    

                                                              
                                                       

LINDA REYNA YAÑEZ,

Justice

 

 

 

 

Memorandum
opinion delivered and filed 

this
the 16th day of February, 2006.

 











[1]
On May 23, 2001, appellant
filed her First Amended Petition, adding Drs. Burstein, Eberle, and Morgan as
defendants.  On May 31, 2001, she filed
her Second Amended Petition, adding Dr. Guerrero-Duby as a defendant.  On November 9, 2001, she non-suited Dr.
Guerrero.  





[2]
On January 16, 2003,
appellees filed a supplemental motion for summary judgment to address a new
fraud claim asserted by appellant in an amended petition.  





[3]
Litton Indus. Prods., Inc.
v. Gammage, 668
S.W.2d 319, 322 (Tex. 1984) (AWe disapprove a practice by which a party, by motion,
induces the trial court on the one hand to render a judgment, but reserves in a
brief the right for the movant to attack the judgment if the court grants the
motion.@); Northeast Tex. Motor Lines,
Inc. v. Hodges, 158 S.W.2d 487, 488 (Tex. 1942) (Aa litigant cannot ask something of
a court and then complain that the court committed error in giving it to
him.  The rule, grounded in even justice
and dictated by common sense, is that he is estopped.@); JCW Elecs., Inc. v. Garza,
176 S.W.3d 618, 628 (Tex. App.BCorpus Christi 2005, no pet.) (Awhen a party files a motion for
entry of judgment, that party cannot take a position on appeal that is
inconsistent with that part of the judgment.@); Nesmith v. Berger, 64 S.W.3d 110, 119 (Tex. App.BAustin 2001, pet. denied) (Aa party that asks for a certain
type of relief cannot complain on appeal if that relief is granted.@); D/FW Commercial Roofing Co.
v. Mehra, 854 S.W.2d 182, 190 (Tex. App.BDallas 1993, no writ) (AA party who induces the court to render a certain judgment
cannot later complain of that judgment.@). 





[4]
See First Nat=l Bank v. Fojtik, 775 S.W.2d 632, 633 (Tex. 1989); Casu
v. Marathon Refining Co., 896 S.W.2d 388, 389-90 (Tex. App.BHouston [1st Dist.] 1995, writ
denied) (op. on reh=g). 





[5]
See Oryx Energy Co. v.
Union Nat=l Bank of Tex., 895 S.W.2d 409, 417 (Tex. App.BSan Antonio 1995, writ denied)
(holding  notation AApproved and Agreed,@ standing alone insufficient to
establish a consent judgment); First Am. Title Ins. Co. v. Adams, 829
S.W.2d 356, 364 (Tex. App.BCorpus Christi 1992, writ denied) (holding  notation AApproved as to Form and Substance,@ standing alone, insufficient to
establish a consent judgment); Bexar County Criminal Dist. Attorney=s Office v. Mayo, 773 S.W.2d 642, 644 (Tex. App.BSan Antonio 1989, no writ) (holding
notation AApproved,@ standing alone, too indefinite to
establish a consent judgment); Hill v. Bellville Gen. Hosp., 735 S.W.2d
675, 678 (Tex. App.BHouston [1st Dist.] 1987, no writ)
(holding notation AApproved,@ standing alone, insufficient to
establish a consent judgment); Sigma Sys. Corp. v. Elec. Data Sys. Corp.,
467 S.W.2d 675, 677 (Tex. Civ. App.BTyler 1971, no writ) (holding notation AApproved as to form@ does not waive error); and Consol.
Cas. Ins. Co. v. Jackson, 419 S.W.2d 232, 239 (Tex. Civ. App.BHouston [14th Dist.] 1967, writ ref=d n.r.e.) (holding notation Aapproved as to form@ did not constitute invited error
such that party was estopped from asserting error). 





[6]
We note that appellant=s counsel=s signature on the order granting
judgment bears the notation AApproved as to form only.@





[7]
Casu, 896 S.W.2d at 390 (citations
omitted).





[8] Fojtik,
775 S.W.2d at 633.





[9] Id.  





[10]
Casu, 896 S.W.2d at 390.  In her response to TCH=s argument, appellant also urges
this Court to consider her counsel=s affidavit, attached to her brief.  However, counsel=s affidavit is not part of the
appellate record, but is attached to appellant=s brief.  We cannot consider documents attached to
briefs, unless they were before the trial court and are part of the
record.  See Tex. R. App. P. 34.1; Merch. Ctr.,
Inc. v. WNS, Inc., 85 S.W.3d 389, 394 (Tex. App.BTexarkana 2002, no pet.) (materials
improperly attached to appellate brief may not be considered by appellate court
in its review of appeal on merits);  Allen
v. Auto Ins. Co. of Hartford, Connecticut, 892 S.W.2d 198, 200
(Tex. App.BHouston [14th Dist.] 1994, no
writ).       





[11]
See Casu, 896 S.W.2d at 390.