NO. 07-10-00280-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



FEBRUARY
8, 2011

 



 

SINCERELY YOURS, L.P., APPELLANT

 

v.

 

NCI BUILDING SYSTEMS, L.P., D/B/A METALLIC BUILDING COMPANY, APPELLEE 



 



 

 FROM THE 393RD DISTRICT COURT OF DENTON
COUNTY;

 

NO. 2006-60150-393; HONORABLE DOUGLAS M. ROBISON, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER OF DISMISSAL

 

 

            We withdraw our December 22, 2010
Order of Dismissal and substitute the following:

 

Appellee, NCI Building Systems, L.P.,
d/b/a Metallic Building Company (NCI), filed a motion to dismiss the appeal
filed by appellant, Sincerely Yours, L.P. (Sincerely Yours).  We grant the motion and dismiss the appeal.

            Sincerely
Yours asserted claims of defective design and fabrication of roof trusses that
were manufactured by NCI.  In 2004,
during a thunderstorm, the roof of Sincerely Yours’s
warehouse collapsed causing the damages claimed by Sincerely Yours in this
suit.  During the resulting protracted
and hotly contested trial, Sincerely Yours offered the testimony of Fred
Anderson to establish the extent of its damages.  The trial court sustained NCI’s relevancy
objection to Anderson’s testimony. 
Sincerely Yours excepted to the trial court’s
ruling.  The trial court noted the
exception and stated its opinion that the exception had been perfected for the
record.

            Despite
the exclusion of Anderson’s testimony, the jury returned a verdict in favor of
Sincerely Yours.  Sincerely Yours then
filed a motion to sign the judgment that requested the trial court “sign a
judgment based on the jury’s findings.” 
Attached to this motion, Sincerely Yours included a proposed Final
Judgment that reflected the findings of the jury, noted that it was “approved
as to form and substance,” and was signed by the representatives of both
parties to the present appeal.  The trial
court signed the proposed final judgment without any changes.  Subsequently, Sincerely Yours filed a motion
for new trial based, inter alia, on
the exclusion of Anderson’s testimony. 
After hearing, the trial court overruled Sincerely Yours’s
new trial motion, and Sincerely Yours timely perfected the present appeal.

            NCI
has filed a motion to dismiss Sincerely Yours’s
appeal.  NCI contends that Sincerely
Yours waived its right to appeal by moving for final judgment that it approved
as to form and substance without expressly reserving the right to complain of
the judgment by appeal in its motion. 
Sincerely Yours responds contending that the authority upon which NCI
bases its motion applies only to agreed or consent judgments, and that the
judgment in the present case was clearly not agreed or the result of consent.

            When
a litigant moves the trial court to enter judgment, and the trial court enters
the proposed judgment, the motion for entry of judgment will generally be
considered an acquiescence in the verdict, which will
foreclose a subsequent attack on appeal. 
Menchaca v. Bishop, No. 14-94-00480-CV, 1996 Tex.App.
LEXIS 1417, at *2 (Tex.App.—Houston
[14th Dist.] April 11, 1996, no writ) (not designated for
publication) (citing Texas Commerce Bank v. Lebco
Constructors, 865 S.W.2d 68, 80 (Tex.App.—Corpus
Christi 1993, writ denied), and Casu v.
Marathon Refining Co., 896 S.W.2d 388, 389 (Tex.App.—Houston
[1st Dist.] 1995, writ denied)). 
When a party moves for entry of judgment for a particular amount, and
the trial court renders judgment for that amount, that party cannot challenge
the judgment on appeal.  Casu, 896 S.W.2d at 389; see Litton Indus.
Prods., Inc. v. Gammage, 668 S.W.2d 319, 321-22
(Tex. 1984).  For a party to preserve the
right to appeal a judgment that it moved the trial court to enter, the party
must state in its motion for entry of judgment that it agrees only with the
form of the judgment, and note its disagreement with the content and result of
the judgment.  BKT Corp. v.
Express-News Corp., No. 04-96-00871-CV, 1997 Tex.App.
LEXIS 5288, at *6-*7 (Tex.App.—San
Antonio October 8, 1997, no pet.) (not
designated for publication) (citing First Nat’l Bank
of Beeville v. Fojtik, 775 S.W.2d 632, 633 (Tex.
1989)); see also Bonner v. Texas Children’s Hosp., No.
13-03-228-CV, 2006 Tex.App. LEXIS 1331, at *5 (Tex.App.—Corpus Christi February 16, 2006, pet. denied) (mem. op.); Nationscredit
Corp. v. CSSI, The Support Group, Inc., No. 05-99-01612-CV, 2001 Tex.App. LEXIS 1313, at *25 (Tex.App.—Dallas March 1, 2001, no pet.) (not designated for publication); Menchaca,
1996 Tex.App. LEXIS 1417, at *3; Casu, 896 S.W.2d at 390.  

            In
the present case, Sincerely Yours moved the trial court to sign a judgment
based on the jury’s findings.  This
motion did not state that Sincerely Yours agrees only with the form of the
judgment nor does it note Sincerely Yours’s
disagreement with the content and result of the judgment.  In fact, the proposed judgment is signed by
Sincerely Yours as “approved as to form and substance.”  The final judgment entered by the trial court
is the same judgment proposed by Sincerely Yours.  Therefore, as Sincerely Yours unreservedly
invited the trial court to enter the judgment it entered, it may not attack
that judgment on appeal.  See Casu, 896 S.W.2d at 390.  

            In
response to NCI’s motion to dismiss, Sincerely Yours contends that it did not
consent to the judgment entered by the trial court and, therefore, did not
waive its appeal.  We agree with
Sincerely Yours that the judgment entered in this case was not a consent
judgment.  However, when a party makes an
unqualified motion for entry of judgment, the issue of consent is
irrelevant.  See id.  When a waiver of appeal is based on a party’s
motion for entry of judgment, the only issue is whether the trial court entered
the judgment that the party asked it to enter. 
See id.  In the
present case, the trial court signed the precise judgment proposed by Sincerely
Yours.  Thus, as to the issue of whether
Sincerely Yours waived its right to appeal by moving for the entry of judgment,
it is of no import that the judgment was not a consent judgment.

            Finally,
Sincerely Yours contends that the record of the trial and the hearing on
Sincerely Yours’s post-judgment motion for new trial
reflects that the trial court was aware of Sincerely Yours’s
desire to appeal the exclusion of Anderson’s testimony regarding damages.  However, the trial court’s acknowledgement of
Sincerely Yours’s desire to appeal does not negate
Sincerely Yours’s waiver of appeal.  Clearly, a waiver of appeal arising from an
unqualified motion for entry of judgment would waive any error occurring during
trial, even if that claimed error was properly preserved.  See id.  Furthermore, a motion for new trial that is
filed after the trial court has entered a judgment that was unqualifiedly
requested by the party moving for new trial does not undo or cure the waiver of
right to challenge the judgment requested by that party.  See Menchaca,
1996 Tex.App. LEXIS 1417, at *4.

            If
a party moves for entry of judgment without reservation, as Sincerely Yours did
in the present case, we hold that all appellate issues that
challenge the judgment or any portion of the judgment that was unqualifiedly
requested by that party and entered by the trial court are waived. 
If a party wants to preserve issues for attack on appeal, the party must
reserve that right in its motion for entry of judgment by stating that it
agrees only with the form of the judgment, and disagrees with the content and
result of the judgment.  See Fojtik, 775 S.W.2d at 633; Casu, 896 S.W.2d at 391-92.

            For
the foregoing reasons, we grant NCI’s motion to dismiss Sincerely Yours’s appeal.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice