NO. 07-10-00280-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 8, 2011

_____

SINCERELY YOURS, L.P., APPELLANT

v.

NCI BUILDING SYSTEMS, L.P., D/B/A METALLIC
BUILDING COMPANY, APPELLEE

_____

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY;

NO. 2006-60150-393; HONORABLE DOUGLAS M. ROBISON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF DISMISSAL**

We withdraw our December 22, 2010 Order of Dismissal and substitute the following:

Appellee, NCI Building Systems, L.P., d/b/a Metallic Building Company (NCI), filed a motion to dismiss the appeal filed by appellant, Sincerely Yours, L.P. (Sincerely Yours). We grant the motion and dismiss the appeal.

Sincerely Yours asserted claims of defective design and fabrication of roof trusses that were manufactured by NCI. In 2004, during a thunderstorm, the roof of Sincerely Yours's warehouse collapsed causing the damages claimed by Sincerely Yours in this suit. During the resulting protracted and hotly contested trial, Sincerely Yours offered the testimony of Fred Anderson to establish the extent of its damages. The trial court sustained NCI's relevancy objection to Anderson's testimony. Sincerely Yours excepted to the trial court's ruling. The trial court noted the exception and stated its opinion that the exception had been perfected for the record.

Despite the exclusion of Anderson's testimony, the jury returned a verdict in favor of Sincerely Yours. Sincerely Yours then filed a motion to sign the judgment that requested the trial court "sign a judgment based on the jury's findings." Attached to this motion, Sincerely Yours included a proposed Final Judgment that reflected the findings of the jury, noted that it was "approved as to form and substance," and was signed by the representatives of both parties to the present appeal. The trial court signed the proposed final judgment without any changes. Subsequently, Sincerely Yours filed a motion for new trial based, *inter alia*, on the exclusion of Anderson's testimony. After hearing, the trial court overruled Sincerely Yours's new trial motion, and Sincerely Yours timely perfected the present appeal.

NCI has filed a motion to dismiss Sincerely Yours's appeal. NCI contends that Sincerely Yours waived its right to appeal by moving for final judgment that it approved as to form and substance without expressly reserving the right to complain of the judgment by appeal in its motion. Sincerely Yours responds contending that the

2

authority upon which NCI bases its motion applies only to agreed or consent judgments, and that the judgment in the present case was clearly not agreed or the result of consent.

When a litigant moves the trial court to enter judgment, and the trial court enters the proposed judgment, the motion for entry of judgment will generally be considered an acquiescence in the verdict, which will foreclose a subsequent attack on appeal. Menchaca v. Bishop, No. 14-94-00480-CV, 1996 Tex.App. LEXIS 1417, at *2 (Tex.App.—Houston [14th Dist.] April 11, 1996, no writ) (not designated for publication) (citing Texas Commerce Bank v. Lebco Constructors, 865 S.W.2d 68, 80 (Tex.App.—Corpus Christi 1993, writ denied), and Casu v. Marathon Refining Co., 896 S.W.2d 388, 389 (Tex.App.—Houston [1st Dist.] 1995, writ denied)). When a party moves for entry of judgment for a particular amount, and the trial court renders judgment for that amount, that party cannot challenge the judgment on appeal. Casu, 896 S.W.2d at 389; see Litton Indus. Prods., Inc. v. Gammage, 668 S.W.2d 319, 321-22 (Tex. 1984). For a party to preserve the right to appeal a judgment that it moved the trial court to enter, the party must state in its motion for entry of judgment that it agrees only with the form of the judgment, and note its disagreement with the content and result of the judgment. BKT Corp. v. Express-News Corp., No. 04-96-00871-CV, 1997 Tex.App. LEXIS 5288, at *6-*7 (Tex.App.—San Antonio October 8, 1997, no pet.) (not designated for publication) (citing First Nat'l Bank of Beeville v. Fojtik, 775 S.W.2d 632, 633 (Tex. 1989)); see also Bonner v. Texas Children's Hosp., No. 13-03-228-CV, 2006 Tex.App. LEXIS 1331, at *5 (Tex.App.—Corpus Christi February 16, 2006, pet. denied) (mem. op.); Nationscredit Corp. v. CSSI, The Support Group, Inc., No. 05-99-01612-CV, 2001

Tex.App. LEXIS 1313, at \*25 (Tex.App.—Dallas March 1, 2001, no pet.) (not designated for publication); <u>Menchaca</u>, 1996 Tex.App. LEXIS 1417, at \*3; <u>Casu</u>, 896 S.W.2d at 390.

In the present case, Sincerely Yours moved the trial court to sign a judgment based on the jury's findings. This motion did not state that Sincerely Yours agrees only with the form of the judgment nor does it note Sincerely Yours's disagreement with the content and result of the judgment. In fact, the proposed judgment is signed by Sincerely Yours as "approved as to form and substance." The final judgment entered by the trial court is the same judgment proposed by Sincerely Yours. Therefore, as Sincerely Yours unreservedly invited the trial court to enter the judgment it entered, it may not attack that judgment on appeal. <u>See Casu</u>, 896 S.W.2d at 390.

In response to NCI's motion to dismiss, Sincerely Yours contends that it did not consent to the judgment entered by the trial court and, therefore, did not waive its appeal. We agree with Sincerely Yours that the judgment entered in this case was not a consent judgment. However, when a party makes an unqualified motion for entry of judgment, the issue of consent is irrelevant. <u>See id.</u> When a waiver of appeal is based on a party's motion for entry of judgment, the only issue is whether the trial court entered the judgment that the party asked it to enter. <u>See id.</u> In the present case, the trial court signed the precise judgment proposed by Sincerely Yours. Thus, as to the issue of whether Sincerely Yours waived its right to appeal by moving for the entry of judgment, it is of no import that the judgment was not a consent judgment.

4

Finally, Sincerely Yours contends that the record of the trial and the hearing on Sincerely Yours's post-judgment motion for new trial reflects that the trial court was aware of Sincerely Yours's desire to appeal the exclusion of Anderson's testimony regarding damages. However, the trial court's acknowledgement of Sincerely Yours's desire to appeal does not negate Sincerely Yours's waiver of appeal. Clearly, a waiver of appeal arising from an unqualified motion for entry of judgment would waive any error occurring during trial, even if that claimed error was properly preserved. See id. Furthermore, a motion for new trial that is filed after the trial court has entered a judgment that was unqualifiedly requested by the party moving for new trial does not undo or cure the waiver of right to challenge the judgment requested by that party. See Menchaca, 1996 Tex.App. LEXIS 1417, at *4.

If a party moves for entry of judgment without reservation, as Sincerely Yours did in the present case, we hold that all appellate issues that challenge the judgment or any portion of the judgment that was unqualifiedly requested by that party and entered by the trial court are waived. If a party wants to preserve issues for attack on appeal, the party must reserve that right in its motion for entry of judgment by stating that it agrees only with the form of the judgment, and disagrees with the content and result of the judgment. See Fojtik, 775 S.W.2d at 633; Casu, 896 S.W.2d at 391-92.

For the foregoing reasons, we grant NCI's motion to dismiss Sincerely Yours's appeal.

                                        Mackey K. Hancock
                                            Justice

5