**Rene Joseph MAILHOT, Appellant,**

v.

**Noma Kathleen MAILHOT, Appellee.**

**No. 01–02–00808–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 20, 2003.

Rehearing Overruled Feb. 6, 2004.

---

R. Jeanette Parham, Hempstead, TX, for Appellant.

Scott Rothenberg, Law Offices of Scott Rothenberg, Bellaire, Ralph Shepherd, Tomball, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Rene Joseph Mailhot ("Husband"), and appellee, Noma Kathleen Mailhot ("Wife"), divided their marital property under an agreed divorce settlement. They reached the settlement during their divorce trial, which was tried to a jury, and after the trial court ruled to exclude certain evidence from the trial. In three issues, Husband challenges the trial court's evidentiary rulings, all of which

occurred before entry of the settlement agreement. Husband asserts that he is entitled to appeal his agreed settlement under *Sanchez v. State*, 98 S.W.3d 349 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd), because the agreed settlement was not independent of, and was supported by, the trial court's alleged erroneous rulings. Wife moves this Court to award sanctions pursuant to rule 45 of the Rules of Appellate Procedure on the grounds that Husband's appeal of the agreed settlement is frivolous under well-established precedent. *See* Tex.R.App. P. 45. We affirm the judgement of the trial court and deny Wife's motion for sanctions.

## Background

Wife filed for divorce from Husband. In their ensuing jury trial, the court excluded evidence, pursuant to Wife's objections, that Husband had not complied with discovery and that evidence of misappropriation of income was not relevant to the issues before the jury. Following the court's evidentiary rulings excluding evidence during Wife's case-in-chief, the parties reached a settlement. When the terms of the settlement were dictated into the record, Husband and Wife both testified that they had reached an agreement and that they desired that judgment be rendered accordingly. The trial court accepted the settlement as agreed and entered a final divorce decree that both Husband and Wife endorsed as "approved as to both form and substance."

## Waiver

█ In issues one through three, Husband argues that the trial court's presettlement evidentiary rulings were erroneous, and that he agreed to the settlement as a result of the trial court's erroneous rulings. Wife responds, and we agree, that Husband has waived the right to appeal non-jurisdictional errors by agreeing to the settlement and asking the court to sign the judgment.

█ It is well-settled that a judgment entered on the agreement of the parties cures all non-jurisdictional defects. *See Minnick v. Rogers*, 873 S.W.2d 420, 422 (Tex.App.-Tyler 1994, no writ) (citing *Sandoval v. Rosser*, 86 Tex. 682, 26 S.W. 933, 935 (1894)). A party who asks the trial court to accept a settlement agreement and to enter judgment accordingly may not later attack that judgment. *Casu v. Marathon Ref. Co.*, 896 S.W.2d 388, 389 (Tex.App.-Houston [1st Dist.] 1995, writ denied); *Transmission Exch., Inc. v. Long*, 821 S.W.2d 265, 275 (Tex.App.-Houston [1st Dist.] 1991, writ denied). To preserve error for appeal, a party who signs a judgment must specify that his agreement with the judgment is *as to form*, but not as to substance and outcome. *First Nat'l Bank v. Fojtik*, 775 S.W.2d 632, 633 (Tex.1989) (emphasis added); *Casu*, 896 S.W.2d at 390; *Transmission Exch.*, 821 S.W.2d at 275.

Husband argues that we should ignore this well-established authority regarding agreed civil settlements, and, instead, extend our criminal-law holding in *Sanchez v. State* to this case. 98 S.W.3d 349 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd). In *Sanchez*, we held that when a defendant pleads guilty to a crime, the defendant waives the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and was not supported by, the error claimed. *Id.* at 353. We granted the defendant in *Sanchez* a new trial, despite his guilty plea to the offense, because the trial court erred in denying a motion to reveal the identity of a confidential informant. *Id.* at 358. Relying on *Sanchez*, Husband argues that his agreed settlement judgment should be set aside if we determine that the settlement

was not rendered independently of, and was not supported by, the trial court's allegedly erroneous evidentiary rulings. Husband asserts that he agreed to the judgment only because the trial court's evidentiary rulings denied him the opportunity to introduce specific evidence to the jury, which he claims was crucial to the case. According to Husband, this "nexus" between the trial court's error and the agreed judgment entitles him to a new trial. *See id.* at 353.

We decline to extend the holding in *Sanchez* from criminal cases to agreed judgments in civil cases. The civil rule precluding appeal of non-jurisdictional errors following agreed judgments is well-established, as addressed above. Civil litigants who disapprove of the terms of a judgment may object to the substance and appeal accordingly. We conclude that the *Sanchez* holding, which pertains to criminal defendants' guilty pleas, does not apply to appellant's civil agreed judgment.

Having entered into an agreed judgment with his Wife, Husband has waived any right to complain about the trial court's prior evidentiary rulings. *See Minnick,* 873 S.W.2d at 422. Husband has also waived the right to complain of the judgment that he asked the trial court to enter. *See Casu,* 896 S.W.2d at 389; *Transmission Exch.,* 821 S.W.2d at 275. Husband has not preserved error to complain of the judgment, which he "approved as to both form and substance." *See Fojtik,* 775 S.W.2d at 633; *See also Casu,* 896 S.W.2d at 390; *Transmission Exch.,* 821 S.W.2d at 275.

Accordingly, we overrule Husband's issues one, two, and three.

### Rule 45   Sanctions

In her responsive brief, Wife contends that Husband's appeal is frivolous and requests monetary sanctions. Rule 45 of the Rules of Appellate Procedure permits an appellate court to award a prevailing party "just damages" for "frivolous" appeals. TEX.R.APP. P. 45; *Smith v. Brown,* 51 S.W.3d 376, 380 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). In determining whether an appeal is frivolous, we apply an objective test. *Smith,* 51 S.W.3d at 381. We review the record from the viewpoint of the advocate and ask whether the advocate had reasonable grounds to believe the judgment could be reversed. *Id.* We exercise prudence and caution and deliberate most carefully before awarding appellate sanctions. *Id.*

Although there is no merit to Husband's appeal, we decline to conclude that he has frivolously attempted to apply recent, ostensibly analogous authority from criminal jurisprudence to civil jurisprudence.

### Conclusion

We affirm the judgment of the court below. We deny Wife's motion for sanctions against Husband.