IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00355-CV

 

In the
Interest of D.C. and D.C., Children

 

 

 



From the 378th District Court

Ellis County, Texas

Trial Court No. 45511-CC

 



DISSENTING Opinion










 

      I dissent.  I refuse to find that a trial
court errs when it signs a judgment expressly “agreed as to form and content”
by the appellant individually and agreed as to form by the attorney for the
appellant, the only party represented by an attorney.  See First Nat’l Bank
v. Fojtik, 775 S.W.2d 632, 633 (Tex. 1989) (per curiam); Morse v.
Delgado, 975 S.W.2d 378, 381 (Tex. App.—Waco 1998, no pet.); Mailhot v.
Mailhot, 124 S.W.3d 775, 777 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

      The judgment concludes as
follows: 

      I do not find any case with facts like
this one.  The appellant and her attorney signed the judgment.  The attorney
agreed only as to the form of the judgment.  The appellant expressly agreed to
the content of the judgment.  This is the distinction that shows that
regardless of what the “agreed as to form” language may mean, this appellant
agreed to the judgment.  Unfortunately, because the appellee is representing
himself, it is unlikely that the Texas Supreme Court will have the opportunity
to resolve the general conflict among the courts of appeals on this language,
or resolve the disagreement on this court regarding the distinction presented
in this case.    

      Further, on the issues presented, I would
find no abuse of discretion.  Given the use and treatment of the list of assets
by the majority in Kibodeaux v. Musslewhite, it is impossible to
harmonize this case with Kibodeaux.  See Kibodeaux v. Musslewhite, No.
10-04-00223-CV, 2005 Tex. App. LEXIS 5563 (Tex. App.—Waco July 13, 2005, no
pet.) (mem. op.).

TOM GRAY

Chief
Justice

Dissenting
opinion delivered and filed October 12, 2005

[CV06]






al of Judges, 17 St. Mary’s
L.J. 599 (1986)).  Texas Rule of Civil Procedure 18b also lists the
instances in which a justice is disqualified to hear a matter.  Tex. R. Civ. P. 18b(1).  The appellate
rules do not currently provide a procedure for filing a motion for
disqualification, so we have followed the recusal procedure to address the
disqualification motions.  Tex. R. App.
P. 16.3; McCullough, 50 S.W.3d at 88.

          We have also utilized the procedure
set forth in the rule to address the merits of the motions to recuse.  Tex. R. App. P. 16.  Rule 18b lists the
reasons why a justice should recuse himself or herself in a pending matter.  Tex. R. Civ. P. 18b(2).  

          Under Rule 16.3, after receipt of the
motions and prior to any further proceeding in this case, Justices Vance and
Reyna and Judge Scoggins considered the motions in chambers.[2]
 Tex. R. App. P. 16.3(b).  None
of them found a reason to disqualify or recuse himself and, under Rule 16.3(b),
certified the issue to the panel assigned to this case.  Id.; McCullough,
50 S.W.3d at 88.  The panel then decided each motion with respect to the
challenged justice or judge by a vote of the remaining members.  See id. 
No challenged justice or judge sat with the remainder of the panel when his
challenge was considered.  See Tex.
R. App. P. 16.3; McCullough, 50 S.W.3d at 88.

          In each instance, the other members of
the panel found that the justice or judge under consideration is not
disqualified under article V, section 11 of the Texas Constitution, i.e.,
does not have an interest in the subject matter of the controversy, is not
related to a party by affinity or consanguinity within the third degree, and
has not been counsel in the case.  Tex.
Const. art. V, ' 11; Tex.
R. App. P. 16.1; Tex. R. Civ.
P. 18b(1).  Each motion to disqualify is denied with respect to the justice or
judge who was challenged.

          The determination of whether recusal
is necessary must be made on a case‑by‑case, fact‑intensive
basis.  McCullough, 50 S.W.3d at 89.  In each instance, the remaining
members of the panel found the motion without merit and found no reason to
recuse the justice or judge under consideration.  Tex. R. App. P. 16.2, 16.3(b); Tex. R. Civ. P. 18b(2).  Each motion to recuse is denied with
respect to the justice or judge who was challenged.

          Walston cites Justice Gammage’s
Declaration of Recusal in Rogers v. Bradley, 909 S.W.2d 872 (Tex. 1995), in support of her motions.  We note, however, Justice Enoch’s response in which
he observes that four other members of the court, who were similarly
challenged, neither recused themselves nor were recused by the court.  Id. at 880 (Enoch, J. responding).

PER CURIAM

Before Justice Vance,

Justice
Reyna, and

Judge
Scoggins[3]

Motions denied

Order issued and filed
April 19, 2006

[CV06]









[1]
          We will apply the appellate
rules even though one panel member is a district judge.

 





[2]
          As noted at the beginning of
this order, Walston has also filed an objection to Judge Scoggins’s
assignment.  See Tex. Gov’t Code
Ann. § 75.551(b) (Vernon 2005).  However, an active district judge “is
not subject to an objection” under section 75.551.  Id. § 75.551(e)
(Vernon 2005).





[3]
          The Honorable R. Al Scoggins,
Jr., Judge of the 378th District Court of Ellis County, sitting by assignment
of the Chief Justice of the Supreme Court of Texas pursuant to section
74.003(h) of the Government Code.  See Tex.
Gov’t Code Ann. ' 74.003(h) (Vernon 2005).