Adrian BAKER, Appellant,

v.

**FEDERAL EXPRESS CORPORATION,**
Appellee.

No. 01–05–01160–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 26, 2006.

Rehearing Overruled Dec. 5, 2006.

---

Veronica L. Davis, West Columbia, TX, for Appellant.

Peter Carl Blomquist, Shannon, Gracey, Ratliff & Miller, Houston, TX, Michael Wallace Huddleston, Shannon, Gracey, Ratliff & Miller, Dallas, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

Adrian Baker settled his negligence claim against Federal Express Corporation ("Fed Ex") during trial, before the court submitted the case to the jury. After Baker nonsuited the case, the trial court held a hearing on his previously filed sanctions motion and imposed a $1,000 sanction against Fed Ex for spoliation of evidence. Baker appeals, contending that (1) the trial court erred in rejecting his proposed spoliation instruction to the jury and (2) the $1,000 sanction against Fed Ex is insufficient as a matter of law to rectify the effects of its spoliation. We conclude that Baker has waived his right to appeal by settling his case and therefore affirm.

### Background

Baker was rear-ended by a Fed Ex delivery truck in May 2001. He sued Fed Ex nearly two years later, alleging negligence and negligent entrustment. He later amended his petition to add a claim for gross negligence.

During discovery, Baker requested that Fed Ex produce, among other things, copies of the pre-trip inspection reports, post-trip inspection reports, and maintenance records for the truck involved in the accident. The pre—and post-trip inspection reports are checklists on which the driver verifies, before leaving with the truck and after returning it, that he has inspected the brakes, tires, wiper blades, blinkers, lights, and horn, among other things. Fed Ex responded that it was in the process of retrieving the maintenance file for the truck and would supplement its response by producing its maintenance records, along with any pre—and post-trip inspection reports, to the extent such reports existed.

Several months later, Fed Ex produced the maintenance file for the truck. It did not produce the pre- or post-trip inspection reports, however, as it had been "unable to locate [them] from the date of the accident." Baker subsequently moved to compel production of the pre-trip inspection reports. The trial court granted the motion, ordering Fed Ex to produce the reports within a week. After Fed Ex failed to do so, Baker amended his requests for production, making numerous inquiries regarding the loss or destruction of the reports. Fed Ex responded that it was unaware of any document destruction and further noted that regulations contained within the Federal Motor Carrier Safety Act discuss permissible document retention policies.

Fed Ex subsequently moved for a partial no-evidence summary judgment on Baker's claims for gross negligence and negligent entrustment. Baker did not respond to the summary judgment motion; instead, he moved for death penalty sanctions based on Fed Ex's failure to produce the pre-trip inspection reports. Several days later, the trial court granted summary judgment for Fed Ex on Baker's claims for gross negligence and negligent entrustment. Baker responded with (1) a motion to set aside the summary judgment and (2) a "Notice of Request for Spoliation Presumption," in which he asked the trial court to consider presenting a "spoliation presumption" to the jury. Baker did not tender a proposed written spoliation instruction to the court, however.

The trial court held a hearing on Baker's motions on May 25, 2005, one week before trial. The court refused to set aside the summary judgment, holding that even had

Fed Ex produced the pre-trip inspection reports, Baker still would "have no evidence of gross negligence."[1] With respect to the pre-trip inspection reports, counsel for Fed Ex notified the court that the reports had been destroyed pursuant to Fed Ex's policy, consistent with federal regulations, that such reports be maintained for only ninety days. The court indicated that it did not intend to give a spoliation instruction, stating as follows:

I'm not going to go so far as to give a spoliation instruction under these facts. It doesn't sound nefarious. I will let you ask questions about that, and I will let you ask about missing documents, but I won't instruct the jury that were those documents here—that they should presume that they would be detrimental to their case, advantageous to your case because you've got the vehicle maintenance files, which ... will give you enough information to determine whether or not this is a lemon, whether it had been in and out of the shop a lot. What it won't tell you is if there were some unreported incident.

On the first day of trial, Baker moved the court to reconsider its denial of a spoliation presumption. The court took the matter under advisement, stating as follows:

Okay. I tell you what. The jury is here. I'm going to take this under advisement. I'll read [your motion] more thoroughly. I don't think it should impact your voir dire. I still doubt that I will give the traditional spoliation instruction.... However, I've already said that you could talk about the fact that [the pre-trip inspection reports] are missing, so that ought to at least get you

1. Baker does not challenge the partial summary judgment and therefore has waived any error. *See Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450 (Tex.1998); *Vawter v. Gar-* *vey,* 786 S.W.2d 263, 264 (Tex.1990); *Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex. 1987).

through voir dire. I'll look at what you have here.

At the close of the evidence on the first day of trial, the court indicated that it would consider imposing a stronger sanction for spoliation: "I've been looking at your motion on spoliation. I've been looking at the cases, and it does appear that I could ... give a stronger sanction than I have already. The sanction that I've given already is to permit you to inquire into the whereabouts of the missing documents." Baker requested that the court compel Fed Ex to produce Dennis Wagner, a mechanic who had serviced the truck shortly after the accident, as a trial witness the following day. Fed Ex informed the court that it would be incredibly burdensome to produce Wagner because he worked the night shift. The court overruled Fed Ex's objection, granted Baker's request for sanctions, and ordered Fed Ex to produce Wagner by noon the following day.

Upon arriving at court the following day, the parties announced that they had reached a settlement. The settlement agreement, which they dictated into the record, provides that Fed Ex will make a one-time payment to Baker, which "sum represents full and final settlement of all claims brought or which could've been brought in exchange for a full and final release." Nearly four months later, on September 27, 2005, Baker moved for a nonsuit, stating that "the matter in controversy has in all things been settled by a Compromise and Settlement Agreement and Plaintiff no longer desires to prosecute his suit against Defendant." He further stated that "[a]n issue regarding sanctions for spoliation is still extant before the Court, however," and asked the court to consider his previously filed sanctions motion. Baker filed a supplement to his motion on October 17, requesting an additional $75,000 to $250,000 in sanctions. The

court nonsuited the case the following day, ordering that "Plaintiff's cause of action is hereby dismissed, [and] after consideration of an appropriate sanction, ... it [will] be removed from the docket of this Court."

The court held a sanctions hearing on November 14. It informed the parties that, had the case gone to a jury, it might have considered a spoliation instruction:

I believe what I would have done—had the case gone forward. I would've had more of an opportunity to evaluate the consequences of the conduct by having the testimony brought forth to see whether the spoliation was intentional, and then that might have gotten you to the instruction that you wanted.

. . . .

[A spoliation instruction] was always an option, up to the time that I wrote the charge, which I guess I didn't do in this case because you settled ... before the case went to the jury. I don't know what I would've done.

The court then sanctioned Fed Ex $1,000, remarking that the sanction "should make all of you unhappy." Baker appeals from the sanctions order.

### Analysis

*Spoliation Instruction*

In his first issue, Baker contends the trial court erred in rejecting a spoliation instruction. Specifically, Baker complains that "the denial of the spoliation instruction impaired the presentation of his case," which led to his decision to settle.

At the outset we note that, contrary to Baker's argument, the trial court did not refuse to give a spoliation instruction to the jury. Because the parties settled, the case never reached the jury—as a result, Baker did not tender a proposed written spoliation instruction to be included in the charge. Moreover, though the court indi-

cated before trial that it probably would not give a spoliation instruction, it took the matter under advisement. The court subsequently stated that it did not know what it would have done had the case gone to the jury, and that a spoliation instruction was always an option, up until the time it charged the jury.

■ In any event, Baker's decision to settle is dispositive. This is because "[a] party who asks the trial court to accept a settlement agreement and to enter judgment accordingly may not later attack that judgment." *Mailhot v. Mailhot,* 124 S.W.3d 775, 777 (Tex.App.-Houston [1st Dist.] 2003, no pet.). In *Mailhot,* the parties reached a settlement during their divorce trial. *Id.* at 776. On appeal, Mailhot challenged three evidentiary rulings made by the trial court before the parties settled. *Id.* at 776–77. Like Baker, he argued that he agreed to settle "only because the trial court's evidentiary rulings denied him the opportunity to introduce specific evidence to the jury, which ... was crucial to the case." *Id.* at 778. Our court rejected Mailhot's argument, concluding that he waived any right to complain about the trial court's evidentiary rulings by settling and asking the trial court to accept the settlement. *Id.* at 777–78.

■ In the present case, we likewise conclude that Baker has waived the right to complain about the trial court's preliminary ruling concerning a spoliation instruction by settling and asking the court for a nonsuit based on the settlement. *See id.* We therefore overrule Baker's first issue.

*Sufficiency of the Sanctions*

■ In his second and third issues, Baker challenges the sufficiency of the sanctions imposed by the trial court. Specifically, Baker contends that being allowed to inquire about missing documents and to call Wagner as a witness on short notice were not sanctions at all. As both of these rulings occurred prior to the parties' settlement, we conclude, as we did above, that Baker has waived the right to complain about these rulings by settling and asking the court to nonsuit his claims based on the settlement. *See id.*

Baker additionally asserts that the $1,000 sanction the trial court awarded to him is insufficient. He maintains that his exemplary damages are "in the area of $600,000 to over one million dollars," and asks us to issue a sanction "commensurate with the evidence" or, alternatively, to remand for the trial court to impose an appropriate sanction.

■ "[I]t is well settled that a settlement agreement or release, which is valid on its face and has not been set aside, is a complete bar to a later action on the matters contained therein." *DeLuca v. Munzel,* 673 S.W.2d 373, 375 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.). Here, Baker's settlement agreement with Fed Ex constitutes a "full and final settlement of all claims brought or which could've been brought in exchange for a full and final release." Though a release must "mention" the claims it is releasing, it does not have to "specifically denominate" a particular claim for that claim to be released. *Memorial Med. Ctr. of E. Tex. v. Keszler,* 943 S.W.2d 433, 434–35 (Tex.1997) (per curiam) (interpreting *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 938 (Tex.1991)); *see also Kalyanaram v. Burck,* No. 08–05–00132–CV, 2006 WL 1559230, at *5 (Tex.App.-El Paso June 8, 2006, no pet. h.) ("For the release to 'mention' a claim, it does not have to specifically describe a particular cause of action.").

■ Here, Baker brought a claim for sanctions against Fed Ex before the par-

ties settled. The release constitutes a "full and final settlement of *all claims brought*." (Emphasis added). Accordingly, we conclude that Baker's claim for sanctions is covered by the release,[2] and the trial court therefore erred in awarding Baker sanctions *after* he had settled his sanctions claim. *See In re Ford Motor Co.*, 988 S.W.2d 714, 720 (Tex.1998) (holding that trial court abused its discretion in granting sanctions based on conduct that formed basis for dispute parties had previously settled). We do not reverse, however, because Fed Ex does not challenge the sanctions award on appeal. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993) (noting that appellate court may not reverse on unassigned error); *U.S.A. Precision Machining Co. v. Marshall*, 95 S.W.3d 407, 412 n. 3 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (same).

## Conclusion

We conclude that the parties' settlement forecloses an appeal of trial court rulings relating to claims made a part of the settlement agreement and therefore affirm the order of the trial court.

**2.** We publish this opinion because relevant authority is unpublished. *See In re Estate of Snider*, No. 04–98–00771–CV, 2000 WL 35883, at *2, *5 (Tex.App.-San Antonio Jan. 19, 2000, pet. denied) (not designated for publication) (where settlement agreement provid-
ed that it "disposed of all claims, known or unknown," holding that "the terms of the settlement disposed of all claims and controversies existing between the parties, including [the] motion for sanctions").