Opinion issued March 24, 2011.

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00607-CV

———————————

Sentinel Integrity Solutions, Inc., Appellant

V.

Mistras
Group, Jody Olson & Cary Roberts, Appellee



 



 

On Appeal from the 295th District Court 

Harris County, Texas



Trial Court Case No. 1011229

 



 

MEMORANDUM OPINION 

          Sentinel
Integrity Solutions, Inc. filed a motion to dismiss its appeal on January 18,
2011.  Mistras Group, Inc., Jody Olson,
and Carey Roberts (collectively, Mistras) filed a response to the motion to
dismiss.  In the response, Mistras states
that it does not oppose the dismissal of the appeal, but requests that we
affirm the trial court’s judgment—denying Sentinel’s application for a temporary injunction—pursuant to Texas Rule of Appellate Procedure
42.1(a)(1), and tax costs of the appeal against Sentinel pursuant to Texas Rule
of Appellate Procedure 42.1(d).  See Tex.
R. App. P. 42.1(a)(1), 42.1(d).

          We
grant Sentinel’s motion to dismiss.  Tex. R. App. P. 42.1(a)(1).  Sentinel’s motion does not indicate an
agreement of the parties with regard to the allocation of costs of the
appeal.  We therefore tax costs of the
appeal against Sentinel.  Tex. R. App. P. 42.1(d).  We decline to affirm the trial court’s judgment
because Sentinel’s motion only asks that we dismiss its appeal.  See Tex. R. App. P. 42.1(a)(1) (“In
accordance with a motion of appellant, the court may dismiss the appeal or
affirm the appealed judgment or order . . . .”).  

          In
its response to Sentinel’s motion to dismiss, Mistras also moves for sanctions
against Sentinel.  If we determine that an appeal is
frivolous, we may award each prevailing party just damages.  Tex. R.
App. P. 45; Mailhot v.
Mailhot, 124 S.W.3d 775,
778 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  In making this determination, we review the
record from the viewpoint of the advocate, and then only impose sanctions if no
reasonable grounds exist to believe that the judgment could be reversed.  Mailhot, 124 S.W.3d at 778.; Bradt v. West, 892 S.W.2d 56, 78 (Tex. App.—Houston
[1st Dist.] 1994, writ denied); Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). To warrant damages, the circumstances should be truly “egregious.”  City of Houston v. Precast Structures, Inc., 60 S.W.3d 331, 340 (Tex. App.—Houston
[14th Dist.] 2001, pet. denied). 
After reviewing the record and the arguments presented by the parties to
the trial court and in their appellate briefs, we hold that Sentinel’s appeal
is not frivolous.  Therefore, we deny
Mistras’s motion for sanctions.

CONCLUSION

          We dismiss the appeal.  We deny the motion for sanctions. 

 

PER CURIAM

          

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.