

# Fourth Court of Appeals
## San Antonio, Texas

December 16, 2019

No. 04-19-00849-CV

**WEBB COUNTY, TEXAS**,
Appellant

v.

Ricardo "Rick" Manuel **ROMO**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2018CVI001385D4
Honorable Joel B. Johnson, Judge Presiding

# O R D E R

Appellant has filed a notice of appeal stating appellant desires to appeal the trial court's grant of its plea to the jurisdiction. The record shows appellant requested or agreed to the trial court dismissing the plaintiff's claims against appellant for want of jurisdiction. The order granting appellant's plea to the jurisdiction dismisses several of the appellee's claims against appellant for want of jurisdiction, does not deny any party of appellant's plea to the jurisdiction, and specifically states the order granting the plea to the jurisdiction does not affect appellee's other claims. As such, the appealed order grants the relief appellant specifically requested and agreed to, and does not constitute an order denying any party of appellant's plea to the jurisdiction. In other words, it appears the trial court has not yet ruled on appellant's plea as to appellee's other claims.

Generally, in these types of appeals, our appellate jurisdiction is limited to written orders granting or denying pleas to the jurisdiction filed by a governmental entity. See Tex. Civ. Prac. & Rem. Code 51.014(a)(8). To the extent appellant intends to appeal the order granting the relief it requested, we note we generally do not have jurisdiction over an appeal of order or judgment the appellant agreed to. See Mailhot v. Mailhot, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To the extent appellant intends to appeal the denial of plea to the jurisdiction, there is no written order denying any part of Webb County's plea to the jurisdiction. Yarbrough v. McCormick, No. 04-17-00283-CV, 2018 WL 3129459, at *4 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op.) ("The order must be reduced to writing, signed by the trial court, and entered in the record.").

We therefore ORDER appellant to file a response to this order, within 15 days, showing why this court has appellate jurisdiction over this appeal. If a supplemental clerk's record is necessary to show this court's jurisdiction, we order appellant to make any necessary request to the trial court clerk and file any copy of any such request with this court. Appellant is notified that if a timely response to this order is not filed, this appeal may be dismissed without further notice.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of December, 2019.

_Michael A. Cruz_
Michael A. Cruz,
Clerk of Court