**Affirmed and Majority and Dissenting Opinions filed November 2, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00991-CV

---

**DHI HOLDINGS, LP, Appellant**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE3; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE3; AND SPECIALIZED LOAN SERVICING, LLC, Appellees**

---

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2018-06668

---

### DISSENTING OPINION

The majority holds that DHI failed to preserve its complaints for appeal because: (1) the issues were not raised and ruled on by the trial court; and (2) DHI agreed to the judgment. Because this holding conflicts with binding authority from this court, I respectfully dissent. *See Wells v. Wells*, 621 S.W.3d 362, 366–68 (Tex.

App.—Houston [14th Dist.] 2021, no pet.).

On appeal, DHI raises three issues:

1. Did the Trial Court err in denying DHI's Motion for Summary Judgment arguing the four-year statute of limitations barred foreclosure?

2. Did the Trial Court err in granting the Lenders' Motion for Summary Judgment because the Lenders failed to prove abandonment of acceleration as a matter of law?

3. Did the Trial Court err in granting the Lenders' Motion for Summary Judgment because there is a genuine issue of material fact on abandonment of acceleration?

The majority holds these issues were not preserved because the trial court was not made aware of its error. In coming to this conclusion, the majority holds that by agreeing to the judgment as to both form and substance, DHI waived any non-jurisdictional error because it essentially asked the court to engage in the error of which it now complains.

The record and binding authority from this court do not support the majority's conclusion. The record contains a Rule 11 agreement, which reflects that the parties agreed to a final summary judgment and to permit the appeal of the issue of "waiver of acceleration." The parties came to this agreement upon request of the trial court. Pursuant to the agreement the parties filed a joint motion requesting an agreed judgment in favor of the defendants on the parties' cross motions for summary judgment. The agreed judgment recited that it "grants Deutsche Bank and SLS's motion and denies DHI's motion." The record reflects that the alleged error was raised in the trial court—in DHI's motion for summary judgment—and the trial court issued a ruling. Thus, error was preserved in the trial court. *See* Tex. R. App. P. 33.1. The trial court has not been blind-sided on appeal with error on which it did not have an opportunity to rule.

As to DHI's approval of the agreed judgment as to substance, ordinarily, such approval would not preserve any non-jurisdictional error for review. *See, e.g., Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, No. 01-17-00593-CV, 2019 WL 4196898, at *2 (Tex. App.—Houston [1st Dist.] Sept. 5, 2019, no pet.) (mem. op.) (per curiam) ("To preserve error for appeal, a party who signs a judgment must specify that his agreement with the judgment is as to form, but not as to substance and outcome."); *Mailhot v. Mailhot*, 124 S.W.3d 775, 777 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("It is well-settled that a judgment entered on the agreement of the parties cures all non-jurisdictional defects."); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 562 (Tex. App.—Dallas 1989, no writ) ("[A] party will not be allowed to complain on appeal of an action or ruling which he invited or induced.").

In this case, however, the agreed judgment provided that, "DHI has preserved its right to challenge this judgment on appeal." Because the parties agreed that DHI had the right to appeal the issue of waiver of acceleration, DHI did not waive its right of appeal by agreeing to the judgment as to form and substance. *See Nelson v. Egyptian Magic Skin Cream, LLC*, 05-20-00106-CV, 2021 WL 2470329, at *1 n.1 (Tex. App.—Dallas June 17, 2021, pet. filed) (mem. op.) (addressing merits of appeal when "agreed judgment provided that 'Nelson does not waive his right to appeal the dismissal of his 2012–2015 bonus claims.'").

Our court recently addressed the merits in an appeal of an agreed judgment under similar circumstances. *See Wells*, 621 S.W.3d at 366–68. In *Wells*, the appellant consented to rendition of an Agreed Final Judgment, and his counsel signed the judgment below the statement, "AGREED TO FORM, APPROVED AND ENTRY REQUESTED." *Id*. at 366. We recognized that ordinarily the appellant would have waived all non-jurisdictional error by agreeing to the judgment in such terms. *Id.* In concluding that our court would consider the merits of the

appeal, we noted that "[w]aiver is 'an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* (quoting *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)). We concluded that the appellant had not waived all bases of appeal and, if the parties intended such, they could have included such language in their agreement. *Id.* at 367.

In this case, not only have the parties not included waiver in their agreement, they specifically agreed to permit DHI to appeal the issue of waiver of acceleration. Following the precedent of *Wells* and *Nelson*, I do not agree that DHI waived error in the trial court or waived its right to appeal by agreeing to the judgment. I would therefore address the merits of DHI's appeal. Because the majority does not do so, I respectfully dissent.


/s/     Jerry Zimmerer
          Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain (Spain, J., Majority).

4