**Opinion issued April 9, 2026**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-24-00342-CV

———————————

**RUSSELL SHAWN  LERNER, Appellant**

**V.**

**GERALDINE SCHOTT, Appellee**

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Case No. 16-FD-3244**

## MEMORANDUM OPINION

Russell Shawn Lerner, pro se, appeals from the trial court's Agreed Order in

a Suit to Modify a Parent–Child Relationship.[1] The trial court issued this Agreed

---

[1] Lerner represented himself in the trial court and continues to do so on appeal. Consistent with our supreme court's precedent, we hold him to the same rules as all

Order after an April 9, 2024 hearing. Relevant to this appeal, the Agreed Order lifted geographic limits on the child's residence. It also required Lerner to deposit a $25,000 security bond before filing any future pleadings in the case.

Construing Lerner's briefing liberally, we treat his appeal as raising four issues. We affirm on the first three. On the last issue, we agree with Lerner and modify the judgment accordingly.

First, Lerner contends the trial court erred by lifting geographic restrictions on the child's residence. But because Lerner *agreed* on the record to that modification, he cannot now challenge it on appeal.

So too with his second issue. Lerner argues on appeal that the trial court erred in denying his motions for change of venue and for contempt (based on alleged perjury). But because he expressly agreed on the record to dismiss his motions on those points, he cannot now appeal the Agreed Order related to them. (Even if that were not the case, his arguments would fail on the merits).

Third, Lerner's other arguments—judicial bias, docket management grievances, and the failure to file findings of fact and conclusions of law—are without merit under controlling Texas law.

---

other litigants but construe his appellate briefing with liberality and patience. *See Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024).

Finally, on the last issue, however, we agree with Lerner: on this record, the trial court erred in requiring Lerner to post a bond prior to making new filings. Parties cannot agree to compel a court to take action it lacks authority to take. And under Texas law, the trial court had to comply with the statutory requirements prior to imposing pre-filing bond requirements as to future litigation. Yet no party argues that happened here. It did not.

Accordingly, we modify the Agreed Order to delete the requirement that Lerner post a bond before filing any future pleadings in the case, and we affirm the Agreed Order in all other respects. *See* TEX. R. APP. P. 43.2(b).

## BACKGROUND

### A. Suit Affecting the Parent–Child Relationship and the 2021 Agreed Order.

This appeal arises from a suit to modify the parent–child relationship. Lerner and Geraldine Schott are the parents of A.L., a minor child born in 2014. The parties divorced in 2018. The appellate record does not contain a final divorce decree or otherwise show what custody arrangements were established following the parties' divorce.[2] The record shows only that the parties continued to litigate modifications of custody arrangements in the years that followed. On December 9, 2021, the parties entered into an Agreed Order in Suit to Modify the Parent–Child Relationship, which

---

[2] According to the parties, the underlying divorce decree included a standard possession order naming Lerner as the non-custodial parent.

3

apparently resolved all then-pending motions concerning the parent–child relationship.[3]

Shortly thereafter, the parties filed multiple motions concerning the parent–child relationship. In October 2022, they entered a Mediated Settlement Agreement, in which they agreed to execute a joint notice of nonsuit upon certain conditions.[4]

## B. April 2024 hearing and order giving rise to this appeal.

Beginning in 2023, the parties resumed litigation over custody. Lerner filed multiple motions concerning the parent–child relationship, including motions to confer with the child; for appointment of a guardian ad litem; to modify child support and possession; to change venue; to compel discovery; and for contempt and perjury. Schott, in turn, filed a counterpetition to modify the parent–child relationship, seeking appointment as the child's sole managing conservator. She also filed a motion to compel discovery; a motion to declare Lerner a vexatious litigant and for sanctions; requests for temporary orders; and a motion for protective order.

On April 9, 2024, the trial court held a hearing on all pending motions. Schott was represented by counsel while Lerner represented himself. After discussions on

---

[3]   The December 9, 2021 Agreed Order is also not included in the record before us.

[4]   As part of the MSA, Lerner agreed to pay Schott $2,000 as reimbursement for attorney's fees in monthly installments until the full amount was paid. The MSA further provided that, within 30 days after the final payment, the parties would execute a joint notice of nonsuit without prejudice as to the motions then set for hearing.

the record, the parties announced that they had reached an agreement. The trial court recited the parties' agreement on the record. Lerner expressly agreed to the following terms:

- an expanded standard possession schedule;

- a reduction of child support to $250 per month effective immediately;

- the removal of the geographic restriction, with Schott to provide 60 days' notice before moving;

- the payment of $4,500 in attorney's fees at $50 per month;

- a $25,000 bond requirement before filing any new pleadings; and

- a dismissal of all active pleadings by both parties.

The court further advised that all active pleadings were dismissed by both sides, the dismissals would not operate as res judicata, and—relevant here—Lerner would be required to post a bond before filing any future pleadings.

On April 19, 2024, the trial court signed an Agreed Order in Suit to Modify the Parent–Child Relationship, memorializing the on-the-record agreement from the April 9 hearing. The order provides in relevant part that Schott has the exclusive right to designate the primary residence of the child without regard to a geographic restriction but must provide 60 days' notice before moving. The order also requires Lerner to pay $250 per month in child support and $4,500 in attorney's fees in $50 monthly installments. It further provides that, before filing any new pleadings,

Lerner must deposit a $25,000 security bond, and that any new litigation will be stayed until he complies.

Lerner did not sign the April 19 Agreed Order. Instead, Lerner filed this appeal.

## DISCUSSION

**A.** **Lerner cannot challenge on appeal either (1) the lifting of the geographic restriction that he agreed to or (2) motions he voluntarily dismissed in the trial court.**

The doctrines of invited error and judicial estoppel bar parties from adopting positions on appeal that contradict their prior actions or positions in the trial court. *In re G.X.H.*, 627 S.W.3d 288, 301 (Tex. 2021) ("[I]nvited-error doctrine applies when a party requests the court to make a specific ruling, then complains of that ruling on appeal"; "estoppel requires a party to have unequivocally taken a position in the trial court that is clearly adverse to its position on appeal" (cleaned up)).

Consistent with these principles, Texas courts have repeatedly held that a party cannot attack on appeal a judgment or condition that the party itself approved or induced absent an allegation and proof of fraud, collusion, or misrepresentation. *See, e.g.*, *Mailhot v. Mailhot*, 124 S.W.3d 775, 777 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (explaining that an agreed judgment "cures all non-jurisdictional defects" and cannot later be attacked on appeal); *Boufaissal v. Boufaissal*, 251

6

S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.) ("[A] party will not be allowed to complain on appeal of an action or ruling which she invited or induced.").

## 1. Lifting of geographic restriction.

Construing Lerner's brief liberally, he argues that the trial court abused its discretion by lifting geographic restrictions on the child's residence without conducting a sufficient best-interest analysis. But Lerner expressly agreed to lift the restriction (in exchange for a dismissal of the other side's (as well as his own) pleadings, a modification of the December 9, 2021 Order, and other consideration), and he affirmed his understanding of the agreement when the trial court recited it on the record:

> THE COURT: Be Seated. Mr. Lerner, you have reached an agreement that in exchange for both sides dismissing all of their cases, that you're doing a modification to the final orders from 2022, right? Correct?
> MR. LERNER: '21, Your Honor.
> THE COURT: Was it 2021?
> MS. LOEHR: December 9th, 2021.
> THE COURT: Okay. Orders entered December 9th, 2021.
> MR. LERNER: Can I also see a copy? She let me see it, but I didn't look through it. Yes. Yes. I'm sorry.
> THE COURT: Okay. You understand that that order is an expanded standard possession order, right?
> MR. LERNER: Correct. Thursdays, first, third, and fifth.
>
> . . . .
>
> THE COURT: Okay. You understand that even though basically the language of the order does say that, you understand that this lifts the geographic restriction?
> MR. LERNER: Yes.

7

THE COURT: And you understand that as a subset of the geographic restriction, that if Ms. Schott does choose to move to another county, she must give you 60 days notice. Yes?

MR. LERNER: Yes.

Having expressly agreed to the lifting of the geographic restriction—and with no allegation or proof of fraud, collusion, or misrepresentation—Lerner is barred by the invited-error doctrine from challenging this point on appeal. *See G.X.H.*, 627 S.W.3d at 301; *Mailhot*, 124 S.W.3d at 777; *Boufaissal*, 251 S.W.3d at 162; *see also In re C.R.D.*, No. 12-20-00143-CV, 2021 WL 3779224, at *11 (Tex. App.—Tyler Aug. 25, 2021, no pet.) (in appeal from order modifying parent–child relationship, appellant-father barred by invited error doctrine from complaining about conditions agreed to in agreed order).

In addition, Lerner failed to preserve this argument for appellate review because he did not secure a ruling on this complaint. *See* TEX. R. APP. P. 33.1(a) (error preservation requires a timely request and a ruling). And relatedly, his agreement below to having the geographic restriction lifted constitutes a waiver of his complaint now regarding the court's failure to rule on his position to the contrary. *See Mailhot*, 124 S.W.3d at 778 (having entered into an agreed judgment with his wife, husband waived the right to complain of the judgment that he asked the trial court to enter); *C.R.D.*, 2021 WL 3779224, at *4 ("[A] complaint that is subsequently withdrawn is waived."); *Boufaissal*, 251 S.W.3d at 162 ("A party's consent to the trial judge's entry of judgment waives any error, except for

jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review."; concluding appellant-wife waived all challenges by consenting to the agreed divorce decree as to both form and substance); *see also G.X.H.*, 627 S.W.3d at 301 (parents' complaints about lack of hearing or ruling were waived when not raised in the trial court).

### 2. Motions for change of venue and contempt for perjury.

Similar reasoning bars Lerner's claim on appeal as to his motions that he dismissed. As mentioned, Lerner initially had multiple motions pending in the trial court—including a motion for change of venue and a motion for contempt for perjury—but he expressly agreed at the hearing to dismiss those motions, along with all other pending motions, as part of the comprehensive agreement.

Lerner now complains on appeal that the trial court erred in denying his motions that he expressly agreed to dismiss. In short, he takes a position directly contrary to the one he agreed to and adopted below. Having voluntarily withdrawn these motions (and without any claim and proof of fraud, collusion, or misrepresentation), Lerner waived his current complaint about them. *See G.X.H.*, 627 S.W.3d at 301; *Mailhot*, 124 S.W.3d at 777–78; *C.R.D.*, 2021 WL 3779224, at *4; *Boufaissal*, 251 S.W.3d at 161–62; *see also In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) ("A party should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating

9

his complaint for the first time.") (quoting *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982)).

It also bears noting that even if Lerner had not waived these complaints and they were properly preserved,[5] the trial court did not abuse its discretion in denying Lerner's motions to change venue or for contempt. Regarding venue, under the Texas Family Code, Galveston County is the court of continuing, exclusive jurisdiction over any child-related matters because it rendered the final order affecting the parent–child relationship (the original divorce decree). *See* TEX. FAM. CODE § 155.001(a) (court acquires continuing, exclusive jurisdiction when it renders final order affecting parent–child relationship). And jurisdiction may be transferred only under specific statutory provisions that Lerner neither asserted nor alleged were satisfied in this case. *See id.* § 155.201 (transfer circumstances); *see also In re Bass*, 692 S.W.3d 603, 606 (Tex. App.—Amarillo 2023, orig. proceeding) (trial court abused its discretion when it granted father's untimely motion to transfer venue of petitions to modify the parent–child relationship).

---

[5] During the hearing, the trial court stated, "I'm denying your motion to transfer venue. There's no grounds for that," and, with respect to Lerner's motion for contempt based on alleged perjury, explained: "There's no such thing as a motion to find perjury." Even assuming these remarks were sufficient to constitute rulings for preservation purposes, Lerner expressly agreed to dismiss these motions and therefore waived any complaint about them—and, in any event, any such complaints fail on the merits.

10

Similarly, regarding Lerner's motion for contempt, even assuming the alleged perjury he asserts were true, nothing in the record shows that it obstructed the trial court in the performance of its duties so as to constitute contempt, much less that the trial court abused its discretion in denying the motion. *See In re Reece*, 341 S.W.3d 360, 367 (Tex. 2011) (perjury during a deposition does not, by itself, constitute constructive contempt; rather, the perjury must actually obstruct the court in the performance of its duties).[6]

Applying Texas law, we reject Lerner's arguments concerning the lifting of the geographic restriction and the motions to change venue and for contempt.[7]

## B. Lerner waived any argument concerning the filing of findings of fact and conclusions of law.

Within twenty days after a judgment is signed, any party may file a request for findings of fact and conclusions of law in any case tried without a jury. TEX. R. CIV. P. 296. If the trial court fails to respond to the request within twenty days, the requesting party must file a notice of past due findings of fact and conclusions of law; that notice is due within thirty days of the original request. TEX. R. CIV. P. 297.

---

[6] Lerner argues the trial court erred by admitting illegally obtained evidence that had no bearing on the case. But Lerner does not identify what evidence he is referring to, nor does the record reflect that any evidence at all was introduced during the hearing.

[7] For the same reasons, Lerner has waived his argument that the sufficiency of the evidence did not support findings underlying the order. *See Mailhot*, 124 S.W.3d at 778 (party who enters agreed judgment waives all non-jurisdictional complaints, including objections to evidentiary and other rulings).

A party who fails to file such a notice (or files it untimely) waives a complaint on appeal that the trial court failed to file findings of fact and conclusions of law. *S-G Owners Ass'n, Inc. v. Sifuentes*, 562 S.W.3d 614, 619 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

That precludes Lerner's argument here. Lerner contends that the trial court erred in failing to file findings of fact and conclusions of law. But he provides no substantive argument explaining why this was error or even whether he properly requested such findings and conclusions. The record reflects that Lerner never filed a request for findings or conclusions, and none were entered. Because Lerner never submitted a request, he waived this complaint on appeal. *See id.*

## C. Lerner's docket management and bias arguments lack merit.

Lerner next argues that the trial court abused its discretion in managing its docket. Lerner points to alleged delays in hearings and to an alleged general failure to ensure timely proceedings in this case. But he does not identify any specific trial-court order or action for us to review in this regard. As such, he has not properly briefed this complaint here. *See* TEX. R. APP. P. 38.1(i) (citations to record and authorities required); *Walker v. Eubanks*, 667 S.W.3d 402, 408 (Tex. App.—

Houston [1st Dist.] 2022, no pet.) (waiver due to lack of substantive argument and cites to record and authorities).[8]

Lerner also argues that the trial court exhibited judicial bias against him. But judicial bias is an extraordinary claim that requires proof of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Texas courts emphasize that judicial rulings, courtroom management, impatience, frustration, interruptions, or stern warnings do not constitute bias. *See Haynes v. Union Pac. R.R. Co.*, 598 S.W.3d 335, 353, 356 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd); *Nsuh v. Ngumashi*, No. 02-24-00189-CV, 2024 WL 4898788, at *7–8 (Tex. App.—Fort Worth Nov. 27, 2024, no pet.). Only the rarest circumstances justify a finding of judicial partiality, and ordinary judicial conduct—even if strict, firm, or blunt—remains within the bounds of discretion. *See Haynes*, 598 S.W.3d at 353, 356; *Nsuh*, 2024 WL 4898788, at *7–8.

---

[8] To the extent Lerner contends he was prejudiced by any delay in scheduling the April 2024 hearing specifically, that complaint fails. Trial courts possess "wide discretion in managing [their] docket," and appellate courts "will not interfere with the exercise of that discretion absent a showing of clear abuse." *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Delay alone is not reversible error; the complaining party must show both unreasonableness and harm. *See, e.g.*, *Banker v. Banker*, 517 S.W.3d 863, 877–79 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied); *Lloyd's of London v. Walker*, 716 S.W.2d 99, 101–02 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Here, this record does not reflect an abuse of discretion as to the setting of the April 2024 hearing. *See Banker*, 517 S.W.3d at 877–79; *Walker*, 716 S.W.2d at 101–02.

Here, nothing in the record suggests hostility toward Lerner personally or favoritism toward the opposing party. The comments Lerner points to from the hearing reflect frustration with procedure—not bias or animus. The record reflects the judge managing the hearing, instructing Lerner when he could speak, and correcting procedural errors. Under Texas law, remarks expressing impatience or irritation, interruptions to manage the courtroom, and even stern admonitions fall squarely within normal judicial behavior and "do not ordinarily support a bias or partiality challenge." *See Nsuh*, 2024 WL 4898788, at *8 (claims of "bullying," excluding evidence, and interrupting defendant were insufficient to show bias). Nothing in the record demonstrates the "deep-seated favoritism or antagonism" required to establish judicial bias. *See Haynes*, 598 S.W.3d at 356; *Nsuh*, 2024 WL 4898788, at *7–9.

**D.     Finally, the trial court erred by requiring Lerner to post a bond before making new filings; we modify the judgment accordingly.**

Lerner's final argument is that the trial court erred by ordering him to post a $25,000 security bond as a prerequisite to any future filings. He contends that it was improper for the trial court to do so without complying with the Texas vexatious litigant procedures (or pointing to and then complying with other statutory authority). We agree.

Chapter 11 of the Texas Civil Practice and Remedies Code enables a trial court to restrict a litigant's ability to file new litigation by imposing a bond

14

requirement; it applies *if* the court has determined that the plaintiff is a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.055(a) ("A court shall order the plaintiff to furnish security for the benefit of the moving defendant if the court, after hearing the evidence on the motion, determines that the plaintiff is a vexatious litigant."). But here, the trial court never determined that Lerner was a vexatious litigant.

Under Texas law, a defendant may "move the court for an order: (1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security." *Id.* § 11.051. The statutory scheme continues that, "[o]n receipt of a motion under Section 11.051, the court shall, after notice to all parties, conduct a hearing to determine whether to grant the motion." *Id.* § 11.053(a); *see also id.* § 11.101(a) (providing that a court may, on its own motion or on the motion of any party, prohibit a person from filing new pro se litigation only "after notice and hearing" and only if the court finds that the party is a vexatious litigant).

Texas law then explains that a court may declare a plaintiff a vexatious litigant if: (1) the defendant shows "there is not a reasonable probability" the plaintiff will prevail in the current action, and (2) (among other statutory options) the plaintiff has, within the preceding seven years, "commenced, prosecuted, or maintained at least five litigations as a pro se litigant" that were "finally determined adversely to the plaintiff." *Id.* § 11.054; *accord Serafine v. Crump*, 691 S.W.3d 917, 920 (Tex.

15

2024). The statute defines "litigation" as "a civil action commenced, maintained, or pending in any state or federal court." TEX. CIV. PRAC. & REM. CODE § 11.001(2); *accord Serafine*, 691 S.W.3d at 920.

As this reflects, Texas law has clear and delineated procedures and requirements for declaring a plaintiff a vexatious litigant. These protections cannot be bypassed.

Yet, as noted, none of these occurred here. Nor did any evidence establish that Lerner met the statutory criteria.

Texas courts have held that trial courts cannot impose bond requirements or filing restrictions under Chapter 11 unless they comply with these prerequisites. For instance, the Fort Worth Court of Appeals recently reversed a similar bond requirement because the appellee "failed to comply with the procedural requirements of [the vexatious-litigant] statute or to offer any evidence satisfying the statutory criteria for a vexatious-litigant finding." *Vanderbol v. Vanderbol*, No. 02-23-00230-CV, 2024 WL 1925141, at \*12 (Tex. App.—Fort Worth May 2, 2024, pet. denied). The court held the trial court erred by ordering the appellant to post a bond where the only asserted basis was Chapter 11 and the statutory procedures were not followed. *See id.*; *see also Serafine*, 691 S.W.3d at 922 (emphasizing Chapter 11's strict elements (including how "litigations" are counted) and overturning a vexatious-litigant finding for failure to meet those statutory criteria).

So too here. The trial court did not rely on any statutory authority for imposing a $25,000 bond; it did not point to any basis aside from suggesting during the hearing that it might deem Lerner a vexatious litigant. Yet it never followed Chapter 11's procedural safeguards or declared Lerner a vexatious litigant. On this record, imposing the bond was improper.

Yes, Lerner agreed to the bond requirement in exchange for, among other things, Schott's withdrawal of her vexatious-litigant motion. But Lerner's agreement could not expand the court's statutory authority or authorize the court to bypass statutory requirements. *See Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 343–44 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (consent cannot authorize action "in violation of a statute or altogether beyond the limits of the judicial power"); *see also Everett v. Everett*, 421 S.W.3d 918, 921–22 (Tex. App.—El Paso 2014, no pet.) (abuse of discretion to act outside statutory procedure).

Accordingly, the trial court erred by requiring Lerner to post a bond as a condition of filing future pleadings without following Chapter 11's vexatious litigant procedures.

## CONCLUSION

We modify the 2024 Agreed Order to delete the requirement that Lerner post a bond before filing any future pleadings in the case. We otherwise affirm the Agreed Order. *See* TEX. R. APP. P. 43.2(b).

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.